◼ ELINOR M. MILKER, Appellant, v. CITY OF NEW YORK et al., Respondents.— Judgment of the Supreme Court, Queens County, dated October 26, 1973, affirmed, without costs. No opinion. Martuscello, Acting P. J., Cohalan and Brennan, JJ., concur; Latham and Munder, JJ., dissent in the following memorandum: This is a wrongful death action in which the jury returned a verdict in plaintiff's favor in the amount of $76,000 against the City of New York. The trial court, however, set aside the jury verdict and dismissed the complaint. We vote to reverse and reinstate the jury verdict. The action arose out of a shooting in a Queens bar in the early morning hours of November 11, 1966. The plaintiff's testator, her husband, was shot and killed by Percy E. Mack, a drunken off-duty New York City patrolman. He had been a policeman for 11 years, and prior to that had been a patrolman for the Port Authority. He was initially rejected when he applied to become a city policeman because of a shooting incident while with the Port Authority. He apparently had left his post and fired his revolver in a city street in an effort to apprehend the occupants of a vehicle fleeing from a traffic violation. He was eventually accepted however and his personnel record with the city police force showed: (1) he lost his revolver on one occasion after allegedly being rendered unconscious by an unknown assailant; (2) he called in sick on 37 occasions for

various ailments, some of which were found to be nonexistent by the police surgeon; and (3) on various occasions, his breath reportedly smelled of alcohol while on duty although he was never charged with or convicted of any departmental violations. This evidence was sufficient to make out a prima facie case of negligence on the city's part in hiring and/or retaining Mack as a police officer, negligence which could make it responsible for Mack's conduct (see *McCrink* v. *City of New York*, 296 N. Y. 99; *McCarthy* v. *City of Saratoga Springs*, 269 App. Div. 469, mot. for lv. to app. den. 269 App. Div. 912). The issue of the city's negligence was clearly presented, without exception, in the trial court's charge to the jury. We cannot say the jury's verdict could not have been reached upon any fair interpretation of the evidence (*Olsen* v. *Chase Manhattan Bank*, 10 A D 2d 539, 544, affd. 9 N Y 2d 829; *Paternostro* v. *Schillaci*, 32 A D 2d 790).