■ MIGUEL GARCIA, Respondent-Appellant, v CITY OF NEW YORK, Appellant-Respondent, et al., Defendant. — In an action to recover damages for personal injuries, defendant City of New York appeals, as limited by its brief, from so much of an interlocutory judgment of the Supreme Court, Kings County (Kartell, J.), dated February 25, 1981, as adjudged the issue of liability in favor of the plaintiff and against the defendant city, after a jury trial, and plaintiff purports to cross appeal from the dismissal, during trial, of the first cause of action against the defendant city, i.e., for negligent hiring. Cross appeal dismissed. That ruling is brought up for review on the city's appeal (see CPLR 5501, subd [a], par 1). Upon the appeal by the city, interlocutory judgment reversed insofar as appealed from, on the facts and as between plaintiff and the city, action severed and new trial granted, with costs to abide the event. The jury's finding, in response to written interrogatories (see CPLR 4111), that the individual defendant, former police officer Gregory Arroyo, was acting within

the scope of his employment at the time of the instant injury, could not be reached on any fair interpretation of the evidence. Furthermore, the plaintiff's own testimony tended to establish an *intentional* shooting which was wholly unrelated to the performance of Arroyo's official duties (cf. *Pacheco v City of New York,* 11 Misc 2d 80, affd 285 App Div 1031). The resulting verdict was, therefore, contrary to the weight of the evidence and a new trial is required (see *O'Boyle v Avis Rent-A-Car System,* 78 AD2d 431). We agree, however, with the trial court's dismissal of the cause of action against the city for negligent hiring (see *Milker v City of New York,* 45 AD2d 1021, affd 36 NY2d 973). Mangano, J. P., Gulotta, Thompson and Brown, JJ., concur.