**MOTOROLA, INC., Plaintiff,**

v.

**VARO, INC. and Varo Semiconductor, Inc., Defendants and Third Party Plaintiffs,**

v.

**PHILIP A. HUNT CHEMICAL CORPORATION, Eastman Kodak Company, and KTI Chemicals, Inc., Third Party Defendants.**

Civ. A. No. 3–83–1056–T.

United States District Court, N.D. Texas.

Oct. 7, 1986.

Mark Martin, Patrick F. McGowan, Strasburger & Price, Robert L. Cummins, Katten, Munchin, Zavis, Pearl & Galler, Dallas, Tex., Michael Stolarski, James S. Pristelski, Schaumburg, Ill., for plaintiff.

Martha Waters of Baker, Smith & Mills, Dallas, Tex., John S. Fosse, Chicago, Ill., V. Bryan Medlock, Jr. and Ray G. Wilson of Richards, Harris, Medlock & Andrews, P.C., Dallas, Tex., for defendant.

Gaynell C. Methvin of Moore & Peterson, Dallas, Tex., for third-party defendant Phillip A. Hunt Chemical Corp.

Ronald V. Thurman and Norman L. Gundel of Hubbard, Thurman, Turner & Tucker, Dallas, Tex., for third-party defendant Eastman Kodak.

Michael Byrd of Akin, Gump, Strauss, Hauer & Feld, Dallas, Tex., for third-party defendant KTI Chemical, Inc.

## ORDER

MALONEY, District Judge.

Third Party Defendant Philip A. Hunt Chemical Corporation ("Hunt") has moved for reconsideration of the Court's Amended Order of December 9, 1985, wherein it denied Hunt's motion for summary judgment against Defendants, and Third Party Plaintiffs, Varo, Inc. and Varo Semiconductor, Inc. ("Varo").

Third Party Defendant Eastman Kodak Company ("Kodak") has filed a motion for summary judgment against Varo.

Varo has responded and filed motions for sanctions against these Third Party Defendants under Rule 11, Fed.R.Civ.P. for filing, respectively, the motion for reconsideration and the motion for summary judgment.

Varo states two causes of action in its Third Party Complaint. The first is a federal cause of action for inducement of patent infringement. The second is a state law cause of action for breach of implied warranty of non-infringement.

### I

Plaintiff Motorola, Inc. ("Motorola") is the holder of United States Patent No. 4,132,550 ("the '550 patent"). It filed this civil action charging that Varo has infringed this patent.

The '550 patent describes a process for making germanium semiconductor devices. Part of the process described in the '550 patent requires the use of a photosensitive material of a certain quality.

Varo has, now or in the past, purchased a photosensitive material, commonly called a photoresist, from the three Third Party Defendants. Varo contends that it has used the photoresist purchased from the Third Party Defendants in making semiconductors which Motorola claims were made using the process described in the '550 patent.

### II

35 U.S.C. § 271(b) (1976 ed.) provides: "(w)hoever actively induces infringement of a patent shall be liable as an infringer."

35 U.S.C. § 281 (1976 ed.) provides: "(a) patentee shall have remedy by civil action for infringement of his patent."

35 U.S.C. § 100 (1976 ed.) provides the definition of "patentee" as follows:

When used in this title unless the context otherwise indicates—

. . . .

(d) The word "patentee" includes not only the patentee to whom the patent was issued but also the successors in title to the patentee.

There is no dispute that Plaintiff Motorola, Inc. is the owner of the '550 patent and that Varo has no claim of title to this patent.

Varo does not have a direct claim under the patent laws for inducement of infringement. Only Motorola as the patent owner could have such a claim.

There is the question, however, of whether or not Varo may have a claim for contribution from Hunt and Kodak as joint tortfeasors.

Any cause of action under the patent laws is governed by federal law, not by state law. See *U.S. Const.* art. I, § 8. cl. 8 and *Sears Roebuck & Co. v. Stiffel Co.,* 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964). The patent laws clearly do not give an action for contribution on their face, so we must decide whether Congress has implied such a cause of action or whether one should be found as a part of the federal common law.

*Northwest Airlines, Inc. v. Transport Workers Union of America, AFL–CIO,* 451 U.S. 77, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981) instructs us to first look to the statute to see if such a cause of action can be fairly implied. This Court finds that Congress did not mean to give a party such as Varo a claim for contribution since the patent law defines who is a con-

tributory infringer in 35 U.S.C. § 271(c), which reads:

Whoever sells a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

Congress, having defined contributory infringement by statute, could not have intended the courts to imply some other definition and allow a cause of action upon it.

### III

Varo's second count is for breach of this warranty of freedom from infringement. Both Hunt and Kodak demur on the substance of the law and Kodak presents the defense of statute of limitation.

V.T.C.A., Bus. & C. § 2.312(c) provides:

Unless otherwise agreed a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like but a buyer who furnishes specifications to the seller must hold the seller harmless against any such claim which arises out of compliance with the specifications.

V.T.C.A., Bus. & C. § 2.725 provides, in part:

(a) An action for breach of contract for sale must be commenced within four years after the cause of action has accrued.....

(b) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

■ Varo filed its Third Party Complaints on November 9, 1984. Varo admitted in its Response to Kodak's Request for Admissions that it has not delivered any photoresist to Kodak since a time anterior to four years before November 9, 1986. Varo also admitted that Kodak has given Varo no warranty other than the one alleged under § 2.312, above.

Varo would like for an implied extended warranty to be found in their favor. The Texas Supreme Court in *Safeway Stores, Inc. v. Certainteed Corp.*, 710 S.W.2d 544 (Tex.1986), concluded that the words of the statute mean what they say. Warranties as to future performance must be explicit. Therefore, Kodak's Motion for Summary Judgment based on statute of limitations shall be granted.

In Count II of their Third Party Complaint against Hunt, Varo reincorporates paragraphs 2—9 of Count I. These are the factual allegations of the complaint and the nut of Varo's case is contained in paragraph 9. That paragraph reads:

As a proximate result of HUNT'S specific instruction and inducement, VARO relied upon those instructions and used the resins manufactured, sold, and distributed by HUNT in the process of forming photoresist patterns specifically described by HUNT in both of its oral and written instructions.

As can be readily seen from this allegation, Varo does not complain that the chemical, the photoresist, itself, violates any part of the '550 patent. The allegation is purely that Varo was induced to use the photoresist in a process that violates the teachings of the '550 patent, a process patent.

■ This sort of allegation, that the buyer was induced by the seller to purchase the good and then use it to infringe a process patent is wholly outside the language of § 2.312. The delivery of a good is warranted to be free of all claims of infringement. There is no warranty that a buyer's use of the good will be free of all infringement. Varo's proposed reading of § 2.312 would have Hunt warrant that it

has not induced Varo to infringe the '550 patent. This would be a warranty as to conduct, not as to goods.

Also, to read any such warranty into § 2.312 is likely to render the section unconstitutional as an infringement upon Congress's monopoly of legislation as to patents. This proposed warranty as to conduct would amount to an allowance by the State of Texas of a cause of action for inducement of patent infringement. As the Supreme Court said in *Sears v. Stiffel,* above, the states may not allow causes on action for patent infringement.

For these reasons, Hunt's Motion for Reconsideration is granted and both Hunt's and Kodak's Motions for Summary Judgment are granted.

As these claims by Varo against Hunt and Kodak are separate from the patent infringement and invalidity claims that Motorola and Varo have made against each other, there is no just reason to delay the entry of final judgment as to Varo's causes of actions against Hunt and Kodak. Therefore, the judgments entered for Hunt and Kodak will be final judgments.