**GOLDEN TRADE, S.r.L.,
et al., Plaintiff,**

v.

**JORDACHE, et al., Defendants.**

**No. 92 Civ. 6292 (JMC).**

United States District Court,
S.D. New York.

Aug. 10, 1992.

See also 143 F.R.D. 508 and 143 F.R.D. 512.

William F. Lee, Jack J. Falvey, Jr., Hale and Door, Boston, Mass., William G. McElwain, Gilbert B. Kaplan, Hale and Dorr, Washington, D.C., Martin F. Evans, Debevoise & Plimpton, New York City, for Golden Trades S.r.L. and Greater Texas Finishing Corp.

Robert A. Spiegelman, Lori B. Cohen, New York City, John A. Conkle, William C.

Conkle, Conkle & Olestein, Los Angeles, Cal., for Jordache Enterprises, Inc.

George Gottlieb, James Reisman, Gottlieb, Rackman & Reisman, New York City, Steven Gerber, General Counsel and Secretary, Gitano Group, Inc., New York City, Arthur Wineburg, Pennie & Edmonds, Washington, D.C., for Gitano Group, Inc.

Richard I. Samuel, Bathgate, Wegener, Dugan, Wouters, Neuman & Wolf, P.C., Newark, N.J., Philip J. Karlin, Los Angeles, Cal., for Rio Sportswear, Inc.

Joseph S. Kaplan, Michelle F. Forte, Ross & Hardies, New York City, for Bon Jour Inter. Ltd., Inc.

Lawrence F. Scinto, Edward F. Vassallo, Fitzpatrick, Cella, Harper & Scinto, New York City, Diane L. Becker, Becker, Schoenfield & Wennergren, Oxnard, Cal., for Bugle Boy Industries, Inc.

Albert Robin, Robin, Blecker, Daley & Driscoll, New York City, Richard A. Wallen, Harris, Kern, Wallen & Tinsley, Los Angeles, Cal., for Rio Sportswear, Inc.

Steven D. Glazer, Weil, Gotshal & Manages, New York City, for Lee Apparel and Blue Bell.

## MEMORANDUM AND ORDER

DOLINGER, United States Magistrate Judge:

Defendant Bugle Boy Industries, Inc. has moved for leave to serve and file an Amended Answer and Counterclaims, as reflected in Exhibit 3 to the February 21, 1992 affidavit of Bugle Boy's counsel, Edward E. Vassallo, Esq., and in Exhibit D to Mr. Vassallo's Reply Affidavit, sworn to March 23, 1992. The motion is granted in part and denied in part.

Rule 15(a) of the Federal Rules of Civil Procedure commands that leave to amend be liberally granted "when justice so requires," and that command has been consistently adhered to by both the Supreme Court, *see, e.g., Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), and the Second Circuit. *See, e.g., United States v. Continental Illinois Nat'l Bank & Trust,* 889 F.2d 1248, 1254

(2d Cir.1989); *Richardson Greenshields Sec., Inc. v. Lau,* 825 F.2d 647, 653 n. 6 (2d Cir.1987). As summarized by our Circuit Court:

> Leave to amend a complaint "shall be freely given when justice so requires," and if the [movant] has at least colorable grounds for relief, justice does so require unless the plaintiff is guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing party.

*S.S. Silberblatt, Inc. v. East Harlem Pilot Block–Bldg. 1 Housing Dev. Fund Co.,* 608 F.2d 28, 42 (2d Cir.1979) (citations omitted).

■ To determine whether there are colorable grounds for an amendment, the court should, as a general rule, apply the standards of Fed.R.Civ.P. 12(b)(6) to determine whether the new pleading states a cognizable claim. *See, e.g., id.* at 42; *CBS, Inc. v. Ahern,* 108 F.R.D. 14, 18 (S.D.N.Y. 1985) (citing cases); 3 James Wm. Moore & Richard D. Frier, *Moore's Federal Practice* ¶ 15.08[4] at 15–78 to 82 (2d ed. 1991). As for allegations of undue delay, the lateness of a motion to amend is not a proper basis for denying the application. Rather, the party opposing the motion must demonstrate that it would be substantially and unfairly prejudiced by the amendment. *See, e.g., Richardson Greenshields Sec., Inc. v. Lau,* 825 F.2d at 653 n. 6.

In this case, defendant Bugle Boy seeks to amend its Answer and Counterclaim to add three counterclaims and to assert those counterclaims as third-party claims against an entity know as Sun Apparel. The proposed amended pleading also adds nine affirmative defenses. These amendments are designed principally to assert Bugle Boy's contention that plaintiff Greater Texas Finishing Corporation and a related entity—proposed third-party defendant Sun Apparel—knew or should have known of the patent at issue in this case, and yet lured Bugle Boy into an arrangement by which it purchased large quantities of jeans manufactured by Sun Apparel and treated by Greater Texas with a process that may have infringed the very patent that Greater Texas and its co-plaintiff seek to enforce in this lawsuit. From this set of circumstances, Bugle Boy infers that it cannot be held liable to Greater Texas and that, in any event, it should receive contribution or indemnification from Sun Apparel and/or Greater Texas for any liability to either plaintiff.

The proposed amendments also allege that Greater Texas and Sun Apparel made apparently illicit payments to representatives of Bugle Boy to obtain its business. According to Bugle Boy, this conduct should preclude any liability to Greater Texas on a theory of "unclean hands" and should permit defendants to receive indemnification for any liability to plaintiffs.

■ Although plaintiffs claim that the motion to amend is untimely and that they would be prejudiced by the proposed amendments, they make no showing on this score that would justify denying leave to amend. At least some of the information on which the motion is predicated was learned at the November 1991 deposition of Mr. Eric Rothfeld, who is the President of both Greater Texas and Sun Apparel. The motion was filed only three months later, in the midst of discovery, which is in fact still ongoing.

This timing is not unreasonable, and, in any event, plaintiffs make no meaningful showing of prejudice. The issues raised by the new counterclaims have been present in the litigation for some time and have plainly been the subject of extensive discovery. Indeed, plaintiffs object to some of the proposed amendments as redundant, an argument that—although not well taken—underscores the fact that the amendments introduce no significant new issues into this case. For this reason, it necessarily follows that little or no new discovery will be occasioned by the amendments, and plaintiffs will not be unduly prejudiced by an order granting the motion of Bugle Boy.

The remaining question concerns whether there is a "colorable basis" for the new allegations and claims. Noting that Golden Trade seeks only injunctive relief, plaintiffs assert that the proposed new allegations can impact only the damage claims of Greater Texas, and they argue that the

counterclaims are meaningless since they amount solely to affirmative defenses against liability to Greater Texas. Plaintiffs also indicate that Greater Texas does not seek damages with respect to its finishing work for Bugle Boy, thus negating any need to assert any claim for contribution or indemnification from Sun Apparel. Plaintiffs further argue that the proposed counterclaims and third-party claims are legally deficient.

■ I start by noting that plaintiffs do not meaningfully challenge the adequacy of the new affirmative defenses, and they appear to be legally unassailable. As for their asserted redundancy, I find no basis for precluding their inclusion in Bugle Boy's pleading since they add detail to prior general allegations.

■ As for the counterclaims and third-party claims, plaintiffs are correct that, insofar as the counterclaims seek indemnification or contribution from Greater Texas, they have no legal significance since only Greater Texas seeks damages and thus these "counterclaims" are simply affirmative defenses, which are pled earlier in the amended answer.[1] This infirmity does not affect the new claims insofar as they are asserted as third-party claims against Sun Apparel, since that entity might be required to pay contribution or to indemnify Bugle Boy for any liability that it may incur towards Greater Texas.

■ Plaintiffs, as noted, make the further argument that they do not seek damages from Bugle Boy with respect to jeans manufactured by Sun Apparel or processed by Greater Texas. Their complaint is not so limited, although Bugle Boy represents that it is prepared to "forego the First, Second and Third counterclaims to the extent that those claims seek recovery for any patent infringement liability that Bugle may have," provided that plaintiffs stipulate that they will not seek any damages if this court holds that their acts and omissions, as alleged in the proposed amended answer and counterclaims, would bar Greater Texas' recovery against Bugle Boy. (Reply Memorandum at 2–3.) Such a stipulation has not, as yet, been entered into, and for the time being, therefore, Bugle Boy has a potential basis for asserting claims for contribution or indemnification against Sun Apparel.[2]

■ There remains the question of the legal validity of the third-party claims. The first of the new claims is for breach of warranty under U.C.C. § 2–312(3) (1989). Under the terms of section 2–312(3), Sun Apparel may be liable for the jeans it manufactured and sold to Bugle Boy, and its liability may include consequential damages, such as damages to be paid for infringement of patent, and possibly the costs of such litigation. In addition to such potential liability, Bugle Boy contends that it may recover from Sun Apparel for its own liability in connection with the sale of jeans not manufactured by Sun. This contention appears meritless,[3] but does not

---

1. Bugle Boy makes the point that Golden Trade is contractually entitled to share in any recovery by Greater Texas. That is inconsequential since the damage claims asserted by Greater Texas are its own, and a contract between the two plaintiffs cannot give either of them any greater rights against Bugle Boy, which was not a party to that contract.

2. It is open to question whether Bugle Boy could successfully press a claim for contribution or indemnification against Sun Apparel in connection with jeans that it purchased from, and had processed by, companies other than Greater Texas and Sun Apparel. Given the state of these proceedings, however, we need not address that question at this stage.

3. The warranty under section 2–312(3) is limited to the goods delivered by the seller, which must be warranted to be "free of the rightful claim of any third person by way of infringement." Although the cases cited by Bugle Boy establish that an injured party may obtain consequential damages from the breach of such a warranty, such recovery involves damages incurred in connection with the sale of the warranted goods, not damages incurred in the sale of entirely separate goods.

It is conceivable that losses of this sort may be recoverable under a different legal theory, such as fraudulent or negligent misrepresentation. For example, if Sun Apparel had falsely represented that the process used by Greater Texas was not infringing, it is conceivable that it might be liable to Bugle Boy for damages incurred when Bugle Boy permitted other processers to use the same technology.

compel denial of leave to add the first third-party claim since, as noted, Bugle Boy may still be held liable to Greater Texas in connection with the sale of apparel manufactured by Sun Apparel and treated by Greater Texas.

■ The second third-party claim seeks liability for fraudulent and negligent misrepresentations. The basis for these claims is the asserted failure of Sun Apparel to disclose that a patent application had been filed and certain patent claims allowed. The proposed third-party claim adequately alleges the basic elements of both fraudulent and negligent misrepresentation for purposes of Rule 12(b)(6) analysis. Moreover, since the misrepresentation was alleged to be in the nature of an omission, Rule 9(b) does not, as plaintiffs suggest, request specification of "the time, place and nature of the misrepresentation"; rather, it requires only that the pleader identify what facts were not communicated, *see, e.g., von Bulow v. von Bulow,* 634 F.Supp. 1284, 1303 (S.D.N.Y.) (citing *Cottman Transmission Sys., Inc. v. Dubinsky,* 95 F.R.D. 351, 353 (E.D.Pa.1982)), *on reargument,* 85 Civ. 5553, 1986 WL 7781 (S.D.N.Y.1986), and Bugle Boy does identify those facts in its amended pleading.

■ Finally, the third proposed third-party claim rests upon alleged commercial bribery by Sun Apparel. It is open to question whether such bribery, even if proven, would establish a basis for contribution, but plaintiffs cite no caselaw that would clearly preclude such a theory under either New York or California law, and accordingly there is no justification for refusing to permit Bugle Boy to seek to make its case.

## CONCLUSION

For the reasons stated, the motion for leave to amend its Answer and Counterclaim and to add Sun Apparel as a third-party defendant is granted except to the extent that the pleading seeks to assert counterclaims against plaintiff Greater Texas for indemnification or contribution. Bugle Boy is to arrange for prompt service on Sun Apparel. The plaintiffs are deemed to have been served, and shall file responsive pleadings within twenty days.

SO ORDERED.

