CHEMTRON, INC., Plaintiff,

v.

AQUA PRODUCTS, INC.,
Defendant/Third Party
Plaintiff,

v.

VIKING INJECTOR CO., Third
Party Defendant.

Civ. A. No. 93–0520–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

July 29, 1993.

William K. Wells, Jr., Kenyon & Kenyon, Washington, DC, for plaintiff.

Joseph F. Cunningham, Cunningham & Associates, Alexandria, VA, Harold Warren Burnham, Jr., Nixon & Vanderhyde, Arlington, VA, for defendant.

*MEMORANDUM OPINION*

HILTON, District Judge.

This matter came before the court on third party defendant Viking Injector Company's motion to dismiss.

On April 23, 1993, plaintiff Chemtron, Inc. filed a complaint for patent infringement against defendant/third party plaintiff Aqua Products, Inc. The action is based upon U.S. patent No. 5,007,559 by Young for a Method and Apparatus for Dispensing a Particulate Material ("the '559 patent"). This device includes a detergent dispenser, detergent container with a screen cap, and a method for dispensing detergent into a dishwashing machine. Aqua alleges that it installs detergent dispensers and distributes detergent-filled containers to restaurants and restaurant service corporations, for use in dishwashers. Third party defendant Viking manufactures detergent dispensers and disposable plastic caps for placement on disposable detergent containers for use with Viking's detergent dispensers. Viking sells component parts such as the detergent dispensers and plastic caps to Aqua.

Aqua filed a third party complaint against Viking for contribution and indemnification, based upon "including without limitation" the Uniform Commercial Code (UCC) warranty against infringement, § 2–312. Aqua asserts that the UCC warranty is applicable due to Viking's sale of "certain dispenser goods including without limitation solid bowls for powdered detergent containers."

In lieu of filing an answer, Viking filed this motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), for failure to state a claim upon which relief can be granted. *See Islam v. Jackson,* 782 F.Supp. 1111, 1113 (E.D.Va. 1992). For the reasons stated below, this motion to dismiss must be granted and Aqua's third party complaint should be dismissed.

■ The Uniform Commercial Code, § 2–312, like the other provisions of Article Two of the UCC, applies to the sale of goods. *See* UCC § 2–102. The warranty against infringement, an implied warranty under the UCC, coexists with the UCC's warranties of good title and that the seller's goods are free from liens and encumbrances:

> Unless otherwise agreed a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the

like but a buyer who furnishes specifications to the seller must hold the seller harmless against any such claim which arises out of compliance with the specifications.

UCC § 2–312.

When the goods are delivered and title is transferred, the warranty against infringement serves to provide assurances that the goods sold to the buyer are not subject to third party claims.

This language, however, should not be construed to mean that the buyer, after receiving a clean title to purchased goods, can subsequently incur a lien or liability on the purchased goods by his own actions, and then impose such liability on the seller. Accordingly, a buyer, such as Aqua, should not be entitled to purchase goods from a seller, such as Viking, which are not subject to any infringement action, use the non-infringing component goods in an infringing device and incur liability to a third party patentee, Chemtron, and then turn around and attempt to impose liability on the original seller of the component parts. *See generally Golden Trade v. Jordache,* 143 F.R.D. 504, 508 n. 3 (S.D.N.Y.1992).

In *Motorola v. Varo, Inc.,* 656 F.Supp. 716 (N.D.Tex.1986), a defendant manufacturer sought damages from one of its suppliers based on theories of contribution and breach of the UCC warranty against infringement, § 2–312. In that case the defendant had used the supplier's products and formed photoresists, which the defendant then used to infringe on the plaintiff's patented semiconductor manufacturing process. After first denying the defendant's claim for contribution from its supplier under federal patent law, the court then found that the warranty extends only to those goods as transferred from the seller/supplier to the buyer. It does not regulate the buyer's conduct after purchase. The court found that the defendant's reading of the UCC would have the seller/supplier warrant that it has not induced the buyer to infringe on a patent, which would be a "warranty as to conduct, not as to goods." *Id.* at 718–19.

Similarly, Viking manufactured and sold to Aqua detergent dispensers and plastic caps for placement on disposable detergent containers. At the time of sale these dispensers and caps were delivered free from any third party complaints against infringement. *See* UCC § 2–312. Aqua was sued by Chemtron for direct infringement of the '559 patent and for inducement of infringement based upon its infringing *apparatus,* which was assembled from non-infringing component parts, some of which were obtained from Viking. As in *Motorola,* the UCC's warranty against infringement should not apply in such situation.

Aqua's expansive interpretation of § 2–312 is also inappropriate because to read any such warranty into the section "is likely to render the section unconstitutional as an infringement upon Congress's monopoly of legislation as to patents." *Id.* at 719. Any cause of action under the patent laws is governed by federal law, not by state law, or by the UCC. *See* U.S. Const. art. I, § 8, cl. 8; *Sears Roebuck & Co. v. Stiffel Co.,* 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964) (*cited in Motorola,* 656 F.Supp. at 717).

■■■ Because any cause of action under the patent laws is governed by federal law, Aqua's allegations regarding contribution and indemnity also fail to state claims upon which relief can be granted. There is no claim for contribution under the U.S. patent laws, and none may arise under state law as it is preempted by federal law. *See* 35 U.S.C. § 271(c) (contributory infringer defined); *Construction Tech., Inc. v. Lockformer Co.,* 781 F.Supp. 195, 201 (S.D.N.Y.1990); *Motorola,* 656 F.Supp. at 717–18; *McNeilab, Inc. v. Scandipharm, Inc.,* Civ.Action No. 92–7403, 1993 U.S.Dist. LEXIS 8210, 1993 WL 212424 (E.D.Pa. June 17, 1993). Therefore, Aqua's assertion that Viking is liable for contribution fails to state a claim upon which relief can be granted.

Aqua's claim that Viking is liable to indemnify it and hold it harmless is likewise unfounded, for Viking has not alleged any grounds in its third party complaint, outside the UCC warranty provisions, upon which such a claim may be based. For the aforementioned reasons third party defendant Viking Injector Co.'s motion to dismiss the third party complaint pursuant to Fed. R.Civ.P. 12(b)(6) should be granted.

An appropriate Order shall issue.

## ORDER

This matter came before the court on third party defendant Viking Injector Company's motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6). For the reasons stated in the accompanying Memorandum Opinion it is hereby

ORDERED that third party defendant Viking Injector Company's motion is granted and the defendant/third party plaintiff Aqua Products Company's third party complaint is DISMISSED.