INTERNATIONAL TOOLS (1973), LTD., an Ontario Corporation, Plaintiff-Counterdefendant-Third-Party Defendant and Third-Party Plaintiff,

v.

ARCTIC ENTERPRISES, INC., a Minnesota Corporation, Defendant-Counterclaimant, Cross-Claimant, Cross-Defendant and Third-Party Plaintiff,

v.

SHELDON DIE CASTING CORP., a Minnesota Corporation, Defendant-Counterclaimant, Cross-Defendant and Third-Party Plaintiff,

and

Le Sueur Foundry Company, a Minnesota Corporation, Third-Party Defendant and Third-Party Plaintiff,

v.

COLONIAL TOOL COMPANY, a Division of Ex-Cell-O Corporation of Canada, Ltd., Third-Party Defendant,

and

Ajax Forging & Casting Co., a Michigan Corporation, Third-Party Defendant.

Civ. A. No. 4–72776.

United States District Court, E. D. Michigan, S. D.

June 28, 1977.

J. Patrick Martin, Detroit, Mich., for plaintiff.

Ernest A. Beutler, Jr., Birmingham, Mich., George P. McAndrews, Chicago, Ill., for Arctic.

Charles A. Bassford, Minneapolis, Minn., Donald C. Morgan, Detroit, Mich., for Sheldon and Le Sueur.

Steven L. Kreuger, Farmington Hills, Mich., for Colonial.

W. Mack Faison, Richard J. Tonkin, Detroit, Mich., for Ajax.

## OPINION AND ORDER GRANTING ARCTIC, SHELDON, AND LE SUEUR'S MOTIONS TO FILE THIRD PARTY CLAIMS AGAINST COLONIAL AND AJAX

KEITH, Chief Judge.

Arctic, Sheldon and Le Sueur have moved to amend their pleadings to file claims against third party defendants Colonial and Ajax. Briefs and supplemental briefs having been filed in support of and in opposition to these motions, and the matter having come on for a hearing on May 20, 1977, the court is fully advised in the premises.

This action was brought by International Tools (1973) Ltd. ("ITL"), an Ontario, Canada, corporation, in 1974 to recover on a contract it entered into with Arctic Enterprises, Inc. ("Arctic"), a Minnesota corporation, and Sheldon Die Casting Corp. ("Sheldon"), a Minnesota corporation, to rebuild, repair, or replace a die cast mold ITL made for Sheldon which had cracked in use. The mold had been ordered and purchased from ITL by Sheldon, and then resold by Sheldon to Arctic. Sheldon retained possession of the mold and used it to make front end parts for snowmobiles to be manufactured by Arctic.

Arctic and Sheldon filed compulsory counterclaims against ITL, pursuant to Rule 13(a) of the Federal Rules of Civil Procedure, and cross-claims against each other, pursuant to Rule 13(g). Arctic also brought a third-party action against Le Sueur Foundry Company ("Le Sueur"), a Minnesota corporation related to or affiliated with Sheldon in the manufacture of the front end parts. Le Sueur then counterclaimed against Arctic, and brought a third-party action against ITL, pursuant to Rule 14(a) which provides, *inter alia*, that a third-party defendant may assert against the plaintiff in the original action any claim arising out of the transaction or occurrence which is the subject matter of the plaintiff's claim against the third-party plaintiff, the defendant in the original action. Thereupon ITL brought third-party actions against Colonial Tool Company ("Colonial"), an Ontario, Canada, corporation to which ITL had subcontracted the heat treatment of the original mold, and Ajax Forging & Casting Company ("Ajax"), a Michigan corporation from which ITL obtained a steel block to manufacture portions of the re-

placement or substitute die mold, and which performed certain heat treating operations on the replacement mold.[1]

ITL brought its actions against Colonial and Ajax pursuant to Rule 14(b) on the ground that Colonial and Ajax are or may be liable to it for all or part of the counterclaims brought by Arctic and Sheldon, and the third-party claim brought by Le Sueur. Rule 14(b) provides:

(b) *When Plaintiff May Bring in Third Party.* When a counterclaim is asserted against a plaintiff, he may cause a third party to be brought in under circumstances which under this rule would entitle a defendant to do so.

Rule 14(a) provides, *inter alia*, that:

[A] defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.

Rule 14(a) also provides that when a "defending party, as a third-party plaintiff" impleads a third-party defendant, the plaintiff against whom the third-party plaintiff is defending himself—

may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in Rule 12 and his counterclaims and cross-claims as provided in Rule 13.

In the instant case, ITL is the defending party, third-party plaintiff, which impleaded Colonial and Ajax, pursuant to Rule 14(b). It is the counter-defendant on counterclaims brought by Arctic and Sheldon. Therefore Arctic and Sheldon, as counter-plaintiffs, are "plaintiffs" within the meaning of Rule 14(a), and may assert any claim they have against Colonial and Ajax which arises out of the transaction or occurrence that is the subject matter of their claim against the third-party plaintiff, ITL.[2]

---

1. The following schematic diagram indicates the status of the parties in this action. Solid lines represent those claims, counterclaims, cross-claims and third-party claims which have already been brought. The broken lines represent the claims Arctic, Sheldon and Le Sueur now seek leave of the court to bring against Colonial and Ajax.

THE PARTIES

2. Le Sueur's status in this case, for procedural purposes, is less than clear. It was brought into this action by Arctic as a third-party defendant, but Arctic's claims against Le Sueur in its First Amended Answer were not separated from its cross-claims against Sheldon. When Le Sueur filed its third-party action against ITL, it adopted the counterclaim and prayer for relief against ITL which had been previously filed by Sheldon. Finally, Sheldon and Le Sueur have filed a "consolidated motion" to amend their pleadings to assert their claims against Colonial and Ajax. These steps were taken, the Court surmises, because as all parties agree, Sheldon and Le Sueur are corporations which are related or affiliated in some manner. However, Sheldon and Le Sueur are separate corporate entities, and occupy different positions in this lawsuit. The original action was brought by ITL against Arctic and Sheldon, and ITL has yet to assert any claims against Le Sueur. This difference in status

No party to this action has alleged that the claims sought to be asserted by Arctic, Sheldon and Le Sueur against Colonial and Ajax do not arise out of the same transactions or occurrences as their counterclaims and third-party claim against ITL. There is thus a compelling reason to adjudicate all of these claims in one action. As the United States Court of Appeals for the Sixth Circuit noted in *LASA Per L'Industria Del Marmo Soc. Per Azioni v. Alexander*, 414 F.2d 143 (1969):

> Under the Federal Rules of Civil Procedure the rights of all parties generally should be adjudicated in one action. Rules 13 and 14 are remedial and are construed liberally. Both Rules 13 and 14 are 'intended to avoid circuity of action and to dispose of the entire subject matter arising from one set of facts in one action, thus administering complete and evenhanded justice expeditiously and economically.' *Blair v. Cleveland Twist Drill Co.*, 197 F.2d 842, 845 (7th Cir.) (sic). The aim of these rules 'is facilitation not frustration of decisions on the merits.' *Frommeyer v. L. & R. Construction Co.*, 139 F.Supp. 579, 585 (D.N.J.) (sic).

414 F.2d at 146. The court also stated:

> We understand it to be the purpose of Rule 13 and the related rules that all such matters may be tried and determined in one action and to make it possible for the parties to avoid multiplicity of litigation. The intent of the rules is that all issues be resolved in one action, with all parties

before one court, complex though the action may be.

414 F.2d at 147.

Colonial and Ajax did object to the bringing of these claims as cross-claims, pursuant to Rule 13(g), on the ground that they are not "co-parties" with Arctic and Sheldon within the meaning of Rule 13(g). This is correct. However, these claims may be brought pursuant to the provisions of Rule 14(a) as described above.

Colonial has asserted that for Arctic, Sheldon and Le Sueur to bring their claims against Colonial pursuant to Rule 14(a), they must serve a summons and complaint upon Colonial, and should not be allowed to merely amend their previously filed pleadings. The court disagrees. Rule 14(a) provides that when a non-party is first impleaded into an action as a third-party defendant, he be served with a summons and complaint by the third-party plaintiff. Once he has been brought into the action, however, the rule provides that the "plaintiff" may "assert" his claims against the third-party defendant. The rule does not indicate how this assertion is to be made, but the Advisory Committee Note to the 1946 amendments to the Rule, reported in United States Code Service, states:

> Accordingly . . . subdivision (a) has also been revised to make clear that the plaintiff may, if he desires, assert directly against the third-party defendant *either by amendment or by a new pleading* any claim he may have against him arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff.

between Sheldon and Le Sueur could affect the application of Rules 13 and 14 to these parties. For example, as a third-party defendant, Le Sueur might be considered a co-party of Colonial and Ajax for the purposes of Rule 13(g), although it is not clear that co-parties within the meaning of Rule 13(g) includes third-party defendants who have been impleaded by different third-party plaintiffs. Colonial and Ajax were impleaded by ITL, while Le Sueur was impleaded by Arctic. Additionally, while Rule 14(b) allows a plaintiff to implead a third party in response to a counterclaim, the Rule is silent as to whether a plaintiff may implead a third party in response to a third party claim. It could therefore be argued that ITL could not implead Colonial or Ajax in response to Le Sueur's claim against it, and that Le Sueur

cannot use Rule 14(a) to assert its claims against Colonial or Ajax. 6 Wright & Miller, Federal Practice & Procedure: Civil § 1464. However, the court does not believe that justice would be furthered by requiring Le Sueur to bring a separate lawsuit against Colonial and Ajax in which to assert the same claims which Sheldon will assert in this action, and to which Colonial and Ajax will have the same defenses. Since Colonial and Ajax may assert in this action any defenses they might have under Rule 12 to any claims brought against them pursuant to Rule 14(a), the court believes justice would be better served if Le Sueur was permitted, together with Arctic and Sheldon, to assert its claims against Colonial and Ajax in this action.

*In such a case, the third-party defendant then is entitled to assert the defenses, counterclaims and cross-claims provided in Rules 12 and 13.* (Emphasis added.)

Thus, regardless of whether the "plaintiff's" claim is asserted by amendment or a new pleading, the third-party defendant may assert any defenses he might have to the claim pursuant to Rule 12. Therefore, the Court holds that Arctic, Sheldon and Le Sueur may assert their third-party claims against Colonial and Ajax, pursuant to Rule 14(a), by amending their previously filed pleadings to include these claims. The amended pleadings filed by Arctic, Sheldon and Le Sueur should state that their claims against Colonial and Ajax are brought pursuant to Rule 14(a). The court will not enter this Order nunc pro tunc, but the court does hold that for the purposes of Rule 3 of the Federal Rules of Civil Procedure, these claims were commenced against Colonial and Ajax when Arctic, Sheldon and Le Sueur filed their motions to amend their pleadings, Colonial and Ajax having been served with notice of the motions and having been afforded an opportunity to respond orally and in writing to the motions, provided that Arctic, Sheldon and Le Sueur serve their amended pleadings upon Colonial and Ajax without undue delay after the entry of this Order. *Derdiarian v. Futterman Corp.*, 36 F.R.D. 192 (S.D.N.Y.1964). After Colonial and Ajax have received the amended pleadings of Arctic, Sheldon and Le Sueur, they may amend their Answers to assert any defenses they might have to these claims pursuant to Rule 12 (including affirmative defenses pursuant to Rule 8(c)). *See,* 6 Wright & Miller, Federal Practice & Procedure: Civil § 1457.

IT IS SO ORDERED.