John R. STRAUB and Suree M. Straub, his wife, Plaintiffs,

v.

DESA INDUSTRIES, INC., Teledyne Wisconsin Motors of Milwaukee, Defendants,

and

Cann's Lawn & Power Equipment and/or Robert Cann t/a Cann's Lawn & Power Equipment, Winpower Manufacturing Company, Third–Party Defendants.

Civ. A. No. 79–859.

United States District Court, M. D. Pennsylvania.

May 30, 1980.

---

1. Deposition of Milo Messenger, pp. 56–57.

Ronald J. Karasek, of Zito, Martino & Karasek, Bangor, Pa., for plaintiffs.

Timothy E. Foley of Bour, Gallagher & Foley, Scranton, Pa., for Desa.

Cody H. Brooks, Henkelman, Kreder, O'Connell & Brooks, Scranton, Pa., for Cann's.

Joseph R. Rydzewski, Scranton, Pa., for Teledyne.

Joseph A. O'Brien, Scranton, Pa., Rothberg, Gallmeyer, Fruechtenicht & Logan, Fort Wayne, Ind., for Winpower.

## MEMORANDUM

CONABOY, District Judge.

The cause of action involved in this litigation is based on an injury suffered by Plaintiff John R. Straub in the course of his employment with the Delaware River Joint Toll Bridge Commission on July 8, 1977. His arm and wrist were struck with a sheave that broke loose from a power generator. Winpower, Inc. is the manufacturer of the generator; Cann's Lawn & Power Equipment sold it to the Plaintiff's employer. Two other companies are allegedly in the chain of distribution from Winpower to the Bridge Commission—Desa Industries, Inc. and Teledyne Motors of Milwaukee, and have been named as Defendants.

On July 6, 1979, Plaintiffs John Straub and Suree Straub, his wife, initiated this lawsuit against Cann's Lawn & Power Equipment, Desa Industries and Teledyne Motors. Jurisdiction in this Court was based on diversity. Cann's was subsequently dismissed from the original action because of lack of diversity between Cann's and the Plaintiffs, (Memorandum and Order of this Court dated October 15, 1979) but was later joined as a third–party Defendant by both original Defendants.

On January 7, 1980, original Defendant Desa brought a third–party complaint

against Winpower. Teledyne also did so on February 14, 1980. On March 12, 1980, third–party Defendant Cann filed a cross-claim against Winpower. Then on March 17, 1980, the Plaintiffs filed a complaint against Winpower. Winpower filed a Motion to Dismiss and/or strike the Plaintiffs' complaint against them. Briefs were filed by both parties, and this matter is now before the Court. The motion to dismiss will be granted in part and denied in part, for the reasons outlined below.

Rule 14(a) of the Federal Rules of Civil Procedure governs third party practice. It allows a defending party in a lawsuit to join a person not a party to the action who is or may be liable to the original Defendant for all or part of the Plaintiff's claim against him. Rule 14 then provides that once a party is named as a third–party Defendant, they may assert any defenses or claims they have against the original Plaintiff, and that "the plaintiff may assert any claim against the third–party defendant arising out of the transaction or occurrence that is the subject matter of the Plaintiff's claim against the third–party Plaintiff."

The claims filed by the various parties herein do fit within the general framework established by Rule 14. The Plaintiffs, John and Suree Straub, are asserting a claim against Winpower, the third–party Defendant, which arises out of the occurrence which is the subject matter of their claims against Desa and Teledyne.

Rule 14 sets forth the substance of the claims which can be raised in this manner, but it does not dictate the procedure to be followed. This is the question which is currently raised before this Court, whether the Plaintiffs' claim was properly filed. Defendant Winpower's position is that Plaintiffs' claim must be brought by an amendment to the original complaint under Rule 15(a), which requires that a party seek leave of court or written consent of the

adverse party before the amendment is filed.[1] Since Plaintiffs did not comply with Rule 15(a), Winpower contends that their complaint must be stricken.

Plaintiffs contend that their claim against Winpower is an independent action, and not an amendment to their original complaint, and is not subject to Rule 15(a).

Rule 14 does not delineate the exact procedure which must be followed by a Plaintiff who seeks to raise his claims against a third–party Defendant. We have found no cases which specifically address this issue and state definitively this is the necessary procedure. However, in the cases cited by both parties, the procedure usually adopted by the parties is that suggested by Defendants–an amendment to the original complaint. See e. g. *Wasik v. Borg*, 423 F.2d 44 (2d Cir. 1970); *Frankel v. Back*, 37 F.R.D. 545 (E.D.Pa., 1965); *Hankinson v. Pennsylvania Railroad Co.*, 160 F.Supp. 709 (E.D. Pa., 1958); *Horan v. Pope & Talbot, Inc.*, 119 F.Supp. 711 (E.D.Pa.1953). Plaintiffs in this action did not seek leave of court before filing their complaint against Winpower, so the question before us now becomes whether this omission requires that their complaint be stricken.

In general, if an amendment that cannot be made as of right is served without obtaining the Court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is re-submitted for the Court's approval. However some courts have held that an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amend would have been granted had it been sought, and when it does not appear that any of the parties will be prejudiced by allowing the change. Permitting an amendment without formal application to

---

1. Rule 15(a) reads, in relevant part:

(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

the court under these circumstances is in keeping with the overall liberal amendment policies of Rule 15(a) and the general policy of minimizing needless formalities. See 6 Wright & Miller, Federal Practice and Procedure § 1484, p. 241.

This policy was adopted by the district court in *Sklar v. Hayes*, 1 F.R.D. 594 (E.D. Pa.1941):

> Rule 14 defines no period within which a plaintiff must amend his pleadings to assert a claim against a third–party defendant. It would be illogical to conclude, tho, that plaintiffs are free to so amend at any time, without leave of court. Rule 15 provides no time within which amendments such as the instant one may be made as a matter of course. It is stated therein, however, that leave to amend shall be freely given when justice so requires. Amendments such as here sought to be sustained apparently should be made only upon leave of court.
>
> The plaintiffs did not petition this court for leave to file the instant amended or supplemental pleadings. In proceeding as they did at the time they did, they acted without authority or reason. But it does not appear that any of the parties have been prejudiced by the plaintiffs' action. The third–party defendant's sole liability had already been made an issue. Therefore, in the interests of expediency as well as justice, since I have decided that leave to amend would have been granted had it been sought, the amended or supplemental pleadings will be allowed to remain. The issues are not altered thereby; the only effect and force of the amendments is to assure the plaintiffs of another possible prerequisite to an award of judgments against the third–party defendant. *Sklar v. Hayes*, 1 F.R.D. at 596.

In the case at issue, Winpower is already a named Defendant, and its liability is at issue. Winpower contends that it is preju-diced in that it did not have an opportunity to object to the filing of Plaintiffs' claim, as it would have if the pleading had been presented for the Court's approval before it was filed. However, in this instance, it is our finding that the amendment would have been permitted under Rule 15, because it would further the goal of Rule 14 to promote judicial efficiency by eliminating circuity of action, and by allowing all claims arising out of one occurrence to be tried in one action. Therefore we find that the complaint should be allowed as though properly introduced, and the motion to strike will not be granted on these grounds.

■ Winpower also raises the statute of limitations as a bar to Plaintiffs' claims. The filing of a third–party complaint by the original Defendant does not toll the running of the statute on a cause of action between the Plaintiff and a third–party Defendant. *Frankel v. Back*, 37 F.R.D. at 547; *Hankinson v. Pennsylvania Railroad Company*, 160 F.Supp. 709 (E.D.Pa.1958). Plaintiffs concede that Counts I and II of their complaint against Winpower, which sound in negligence and strict liability are barred by the applicable statute.[2] Count III of their complaint is based on the Defendants' alleged breach of express and implied warranties, and is essentially for breach of contract. The limitation on this action under Pennsylvania law is four years.[3] The male Plaintiff's injury took place on July 8, 1977, and the Plaintiffs' complaint was filed on March 17, 1980. Their action for breach of warranty was timely filed, so Count III of the Plaintiffs' complaint is not subject to dismissal.

Therefore, Defendant Winpower's Motion to Dismiss the Plaintiffs' complaint will be granted as to Counts I and II and denied as to Count III. An appropriate Order will be entered.

---

**2.** 42 Pa.Cons.Stat.Ann. § 5524 (Purdon) provides that actions to recover damages for injuries to the person caused by the wrongful act, neglect, or negligence of another must be commenced within two years.

**3.** 42 Pa.Cons.Stat.Ann. § 5525 (Purdon) provides that actions on a contract, whether express or implied in law, must be commenced within four years.