■ MIGUEL GARCIA, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendant. — In an action to recover damages for personal injuries, defendant City of New York appeals from a judgment of the Supreme Court, Kings County (Jordan, J.), entered March 10, 1983 in plaintiff's favor against the city, upon a jury verdict, in the principal sum of $840,000.

Judgment reversed, on the law and the facts, with costs, and complaint dismissed.

Plaintiff was injured on July 27, 1972, at approximately 4:10 P.M., when he was shot in the leg by Gregory Arroyo, who was then a police officer with the City of New York. Upon a prior appeal in this case, we held that the verdict in favor of plaintiff was against the weight of the evidence and granted a new trial (*Garcia v City of New York*, 87 AD2d 643). If the testimony then lacked credulity, the variations in that testimony have not added to its probative value and the verdict cannot stand (see *Barcelo v Horn & Hardart Co.*, 11 AD2d 651; 10 Carmody-Wait 2d, NY Prac, § 70:403, p 668; Note, Successive Appeals and the Law of the Case, 62 Harv L Rev 286, 291; 5B CJS, Appeal & Error, § 1964, subd c, par [3], pp 567-570).

While ordinarily we should view our prior determination as implicitly holding that plaintiff had established a prima facie case and follow that determination as the law of the case (*Politi v Irumar Realty Corp.*, 13 AD2d 469; *Vanguard Tours v Town of Yorktown*, 102 AD2d 868), the doctrine of the law of the case is flexible, not an inescapable straightjacket (*Martin v City of Cohoes*, 37 NY2d 162, 165, mot to dismiss app granted & mot for lv to app den 39 NY2d 740; *People v Palumbo*, 79 AD2d 518, 519, affd 53 NY2d 894). On this record, we are compelled to conclude that it was "utterly irrational for [the] jury to reach the result it has" and, therefore, dismiss the complaint (*Cohen v Hallmark Cards*, 45 NY2d 493, 499; see *O'Boyle v Avis Rent-A-Car System*, 78 AD2d 431, 439).

As a result of the prior dismissal of plaintiff's claim of negligent hiring, the sole question presented to the jury at this trial was whether Arroyo was acting within the scope of his employment at the time of the shooting. The act could have been in the scope of Arroyo's employment only if he was on duty at the time and if the act were negligent rather than intentional in nature (*Cornell v State of New York*, 46 NY2d 1032; *Sauter v New York Tribune*, 305 NY 442). True, in certain circumstances an intentional tort by an employee may be within the scope of employment (cf. *O'Donnell v K-Mart Corp.*, 100 AD2d 488). But the

firing of a service revolver twice at plaintiff cannot, absent some evidence that Arroyo was at least arguably engaged in police business, be considered within the scope of his employment (*Hacker v City of New York*, 20 NY2d 722, affg on opn at 26 AD2d 400, cert den 390 US 1036; *Pacheco v City of New York*, 11 Misc 2d 80, affd 285 App Div 1031).

Plaintiff's own testimony established that the shooting was deliberate and this is the only rational explanation for the event. The testimony of plaintiff's medical expert, received over objection, is entitled to no weight. The witness was not a ballistics expert and therefore much of his testimony was beyond the sphere of his expertise and his theory was predicated on pure supposition and conjecture (see *People v Cohen*, 50 NY2d 908, 910; *Matter of Burris v Lewis*, 2 NY2d 323, 327; *People v Harding*, 59 AD2d 897, 898; Richardson, Evidence [Prince, 10th ed], § 367).

" ' "When we say that there is no evidence to go to a jury, we do not mean that there is literally none, but that there is none that ought reasonably to satisfy a jury that the fact sought to be proved is established" ' " (*Blum v Fresh Grown Preserve Corp.*, 292 NY 241, 246, quoting *Matter of Case*, 214 NY 199, 204, which in turn quotes *Jewell v Parr*, 13 CB 916). This is such a case.

Accordingly, the city may not be held vicariously liable for plaintiff's injuries and the complaint should be dismissed (*Hacker v City of New York, supra*). Titone, J. P., Mangano, Gibbons and O'Connor, JJ., concur.