**NORTHBROOK NATIONAL
INSURANCE COMPANY,
et al., Plaintiffs,**

v.

**J & R VENDING CORPORATION,
et al., Defendants.**

**No. CV 94–2397 (LDW).**

United States District Court,
E.D. New York.

June 11, 1996.

644

Cozen and O'Connor, Philadelphia, PA, for plaintiff.

Rivkin, Radler & Kremer, Uniondale, New York, for Fifth-party Defendant Robertshaw Controls Company.

## ORDER

BOYLE, United States Magistrate Judge.

The motion before the court is a request by the plaintiff ("Northbrook") for leave to serve a separate complaint upon the fifth-party defendant ("Robertshaw") pursuant to Fed.R.Civ.P. 14(a).

This is a diversity subrogation action arising from a fire that damaged the premises of plaintiff's insured, Tiffen Manufacturing Corp., on April 2, 1993. The action is brought against J & R Vending Corporation, who maintained the cafeteria where the fire broke out. J & R maintains that the fire was caused by inadequate security and malfunctioning of a steam table manufactured and designed by the third-party defendant, Eagle Food Service Equipment Co., Inc. ("Eagle") (later named a direct defendant in this action). As a fourth-party plaintiff Eagle names as a fourth-party defendant, Norstat, Inc., the manufacturer of the thermostat installed in the steam table.

By order dated February 29, 1996, the court granted, without any opposition, the application by the fifth-party plaintiffs, Norstat and Eagle, to join, as a fifth-party defendant, Robertshaw, the manufacturer of the control switch contained in the heat thermostat.

Northbrook now seeks to add Robertshaw as a direct defendant.

*Northbrook's Motion for Leave to File a Direct Claim Against Robertshaw*

Northbrook moves for leave to serve its complaint by letter motion dated April 1, 1996. The fire occurred on April 2, 1993. In the absence of any tolling of the statute of limitations, the three-year statute (CPLR § 214(4)) expires on April 2, 1996. Northbrook asserts that it filed its summons and complaint against Robertshaw, with the clerk of the court, on March 26, 1996. Northbrook maintains that, pursuant to Fed.R.Civ.P. 14(a), it was not required to seek leave of court to serve and file its complaint against Robertshaw. Northbrook relies on *Dysart v. Marriott Corp.*, 103 F.R.D. 15 (E.D.Pa.1984) (which holds that leave of court is not required by a plaintiff in commencing a direct action against a third-party defendant, pur-

suant to Rule 14(a) of the Federal Rules of Civil Procedure). Northbrook requests, however, that if leave to file and serve the complaint is required, that it be granted, and that the direct action be deemed commenced on March 26, 1996, when the summons and complaint was filed with the court.

*Robertshaw's Opposition*

Robertshaw claims that Northbrook's filing of the complaint was defective, as it was required first to seek leave of the court under Fed.R.Civ.P. 14(a). Alternatively, Robertshaw claims that Northbrook cannot proceed under Rule 14(a), but rather must move the court for leave to file an amended complaint, pursuant to Fed.R.Civ.P. 15(a). Robertshaw further claims that any application, either under Rule 14(a) or 15(a) should be denied on the ground that the applicable statute of limitations has now lapsed.

## DISCUSSION

### 1. Procedure Under Fed.R.Civ.P. 14(a)

Rule 14(a) of the Federal Rules of Civil Procedure provides that "[t]he plaintiff may assert any claim against the third-party defendant arising out of the same transaction or occurrence that is the subject-matter of the plaintiff's claim against the third-party plaintiff...." Although the rule itself does not articulate the manner in which a plaintiff should proceed in asserting a direct claim, commentators and several courts have set forth their interpretation of the procedures that may be employed under the rule.

The Advisory Committee Notes to Rule 14, in relevant part, state that "the plaintiff may, if he desires, assert directly against the third-party defendant either by amendment or by a new pleading any claim he may have against him arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." Fed.R.Civ.P. 14 advisory committee's note (1946 amendment). Rule 14 "is silent as to when the claim [by plaintiff against the

impleaded party] should be asserted or whether leave of court is required. There is authority for the common sense position that the plaintiff ought to be able to assert the ... 14(a) claim [against the third-party] without the court's permission." *Moore's Federal Practice*, Vol. 3 at ¶ 14.16[2] at pp. 14–92–3 (citing to *Dysart v. Marriott Corp.*, 103 F.R.D. 15 (E.D.Pa.1984)). *See also,* 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure,* § 1459 at p. 451 ("Rule 14(a) does not explicitly provide the manner in which plaintiff is to assert the claim.... [but] courts have allowed plaintiff to interpose a claim immediately [1] following the appearance of the third-party defendant as a party of record....").

In *Dysart v. Marriott Corp.*, 103 F.R.D. 15 (E.D.Pa.1984), on which Northbrook relies, the court interpreted Rule 14(a) as not requiring a plaintiff to seek leave of court to file a claim against a third-party defendant. *Dysart,* 103 F.R.D. at 17 (citing *Straub v. Desa Industries, Inc.,* 88 F.R.D. 6, 8 (M.D.Pa.1980)). The court in *Dysart* concluded that the rule should be liberally construed, and that the plaintiff may file its complaint against the third-party defendant at any time prior to the expiration of the statute of limitations. *Id.* at 18.[2] *See also, International Tools (1973) Ltd. v. Arctic Enterprises, Inc.,* 75 F.R.D. 70, 73 (E.D.Mich. 1977) (recognizing that pursuant to Rule 14(a), a plaintiff may assert a claim against a third-party defendant "by amendment or a new pleading").

In *Straub v. Desa Industries, Inc.,* 88 F.R.D. 6 (M.D.Pa.1980) the court noted that "Rule 14(a) does not delineate the exact procedure which must be followed by a [p]laintiff who seeks to raise ... claims against a third-party defendant. We have found no cases which specifically address this issue and state definitively ... the necessary procedure. However, in the cases cited ... the procedure usually adopted by the parties is ... an

---

1. The docket sheet reflects that Robertshaw was served with the fifth-party complaint on March 7, 1996. Northbrook filed its summons and complaint with the clerk of the court, naming Robertshaw as a direct party defendant, on March 26, 1996.

2. The court in *Dysart* also concluded that because "the court already has personal jurisdiction over the third-party defendants, plaintiff's complaint need not be served as original service under F.R.C.P. 4, but may be served pursuant to F.R.C.P. 5." *Dysart,* 103 F.R.D. at 18–19.

amendment to the original complaint." *Id.* at 8, citing *Wasik v. Borg,* 423 F.2d 44 (2d Cir.1970) [post trial amendment request by plaintiff to assert a direct claim against the third-party defendant granted, discussed *infra* ]; *Frankel v. Back,* 37 F.R.D. 545 (E.D.Pa.1965) (plaintiff's request to file a complaint against the third-party defendant pursuant to Rules 14(a) and 15(a) denied since the applicable statute of limitations had expired); *Hankinson v. Pennsylvania Railroad Co.,* 160 F.Supp. 709 (E.D.Pa.1958) (plaintiff's request for leave to file an amended complaint to assert a direct action against third-party defendant after the statute of limitations had expired required dismissal, without reaching the question of whether leave of court was required pursuant to Rule 15(a) Fed.R.Civ.P.); *Horan v. Pope & Talbot, Inc.,* 119 F.Supp. 711 (E.D.Pa.1953) (plaintiff's request for leave to amend the original complaint to assert a direct claim against the third-party defendant denied based on the running of the statute of limitations).

In *Straub,* although the plaintiff did not "petition the court for leave to file the instant or supplemental pleadings....", the court refused to strike the pleading. The court noted that by proceeding with a separate complaint without leave of court, the plaintiff had acted "without authority or reason." *Id.* at 9. Nonetheless, relying on the "liberal amendment policies set forth in Rule 15(a) and the general policy of minimizing needless formalities," the district court denied the third-party defendant's motion to strike the direct complaint and permitted "all claims arising out of one occurrence to be tried in one action." *Id.*

In *Wasik v. Borg,* 423 F.2d 44 (2d Cir. 1970), the Court of Appeals upheld a jury verdict wherein the third party defendant was found liable for the plaintiff's injuries, even though "it would doubtless have been better if [plaintiff] had amended his complaint to include a claim against" the third party defendant. *Id.* at 46. The jury had held the third-party defendant directly liable to the plaintiff, while exonerating the defendant third-party plaintiff, even though the

plaintiff had not formally sought to amend his complaint prior to or during the trial to assert a direct claim against the third-party defendant. In reaching its decision, the Court of Appeals relied on the authorization for a direct action under Rule 14(a) of the Federal Rules of Civil Procedure, as well as Rule 15(b) of the Federal Rules of Civil Procedure which authorizes the amendment of the pleadings to conform to the evidence. The court noted that the parties had tried the case on the theory that the third-party defendant was directly liable to the plaintiff. *Id.* at 46.

In *Martin v. Lociccero,* 917 F.Supp. 178 (W.D.N.Y.1995), the court evaluated a similar motion for leave to amend the complaint under Rule 15(a), recognizing that Rule 14(a) "does not delineate the procedure to be followed by a plaintiff who seeks to raise claims directly against a party brought into the case as a third-party defendant." The court noted that the procedure usually adopted by the parties, and followed by the courts, is application for leave to amend the original complaint pursuant to Rule 15. *Id.* at 183 (*emphasis added* ).

Robertshaw relies on *Monarch Industrial Corp. v. American Motorists Ins. Co.,* 276 F.Supp. 972 (S.D.N.Y.1967) (Motley, *J.*). The court there denied a motion to amend the complaint to assert a claim against the third-party defendant based on the expiration of the statute of limitations.[3] The court therein stated that following the 1946 amendment to Rule 14(a) a plaintiff could only "bring a direct action against a third-party defendant ... by an amendment to his complaint." *Id.* at 980. The court does not discuss this statement or offer any authority. The court is reluctant to rely on *Monarch* for several reasons. First, the statement that a plaintiff may only proceed by amendment of the pleading is dictum. Moreover, this language is contrary to the Advisory Committee notes on the 1946 amendments to Rule 14(a) Fed.R.Civ.P. which makes it clear that the plaintiff has the option of proceeding either by amendment of the complaint or by a new pleading against the third-party defendant:

---

**3.** This case was decided in 1967 and therefore the 1991 amendment to Rule 15 at Rule 15(c)(1) of the Federal Rules of Civil Procedure was not in existence.

Accordingly, the next to last sentence of subdivision (a) has also been revised to make clear that the plaintiff may, if he desires, assert directly against the third party defendant either by amendment or by a new pleading any claim he may have against him arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third party plaintiff.

The court declines to hold that Northbrook must amend its original complaint and instead finds that Northbrook has the option—exercised here—to proceed by a direct action in a separate complaint against the fifth-party defendant, Robertshaw, as was recognized in *Dysart v. Marriott, supra.* In the absence of any statutory indication that leave is required, the court is reluctant to impose any such requirement under Rule 14(a) Fed.R.Civ.P. Nor would it be appropriate to incorporate the leave requirements of Rule 15(a) of the Federal Rules of Civil Procedure since this provision is only applicable to an amendment to a party's pleading. The plaintiff here has not chosen to proceed by amendment of its pleading, but instead by asserting a direct claim against the third-party defendant in a new pleading. The procedure followed here, while factually distinguishable, is consistent with the result reached by the court in *Wasik, supra.* The third-party defendant is not prejudiced by this procedure. It's remedy is to move to strike the complaint or to move to dismiss. *See, e.g., Castillo v. Iveco Truck Repair, et al.,* 1989 U.S.Dist.Lexis 16036, decided on October 3, 1989 (Knapp, *J.*); *Horan v. Pope & Talbot, supra.*

## 2. *Fed.R.Civ.P. 15(a) Considerations and Applicability of Relation Back Doctrine*

Robertshaw argues that the present motion should be treated as a motion to amend the complaint, and that pursuant to the dictates of Fed.R.Civ.P. 15(a), the motion to amend should be denied. Robertshaw argues that the claim is futile because it is barred by the statute of limitations which expired on April 2, 1996. Secondly, Robertshaw asserts that the claim will cause needless delay and duplication of discovery and therefore is prejudicial. Assuming *arguendo* that Northbrook should have proceeded under Rule 15(a), or that leave of court is required under Rule 14(a), the court grants the application.

Leave to amend the pleadings "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). However, the court can deny such a request when "undue delay, bad faith, or dilatory motive ... undue prejudice to the opposing party ... [or] futility of the amendment" exists. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993) (per curiam). The party opposing such amendment must demonstrate that leave to amend would result in prejudice to its interests. *Panzella v. Skou,* 471 F.Supp. 303, 305 (S.D.N.Y.1979). The court should not consider the merits of a claim or defense on a motion to amend unless it is "clearly frivolous or legally insufficient on its face." *Lerman v. Chuckleberry Pub., Inc.,* 544 F.Supp. 966, 968 (S.D.N.Y.1982), *rev'd on other grounds sub nom.,* 745 F.2d 123 (2d Cir. 1984), *cert. denied,* 471 U.S. 1054, 105 S.Ct. 2114, 85 L.Ed.2d 479 (1985). Leave to amend may be denied as futile "where the claim or defense proposed to be added has 'no colorable merit'". *Oliver v. Demarinis & Co.,* 1993 WL 33421, 1993 U.S.Dist. LEXIS 1033, *5 (S.D.N.Y.1993) (citation omitted). Thus, "[w]here it appears that granting leave to amend is unlikely to be productive ... it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129 (2d Cir.1993) (per curiam) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Health–Chem Corp. v. Baker,* 915 F.2d 805, 810 (2d Cir. 1990); *Billard v. Rockwell International Corp.,* 683 F.2d 51, 57 (2d Cir.1982)).

### a) *The Statute of Limitations is No Bar*

A motion to amend the complaint is futile if the claims sought to be added are barred by the relevant statute of limitations. *Deluca v. Atlantic Refining Co.,* 176 F.2d 421 (2d Cir.1949), *cert. denied,* 338 U.S. 943, 70 S.Ct. 423, 94 L.Ed. 581 (1950), *Perlmutter*

*Printing Co. v. Bermuda Star Line, Inc.,* 1995 WL 144105 (S.D.N.Y. March 30, 1995), *Babb v. New York Telephone Co.,* 1993 WL 453885 (S.D.N.Y. Nov. 4, 1993), *Long v. United States,* 616 F.Supp. 1280 (E.D.N.Y.1985).

Robertshaw's claim that the statute of limitations is a bar to plaintiff's direct action is lacking in merit. First, it is undisputed that on March 26, 1996 plaintiff filed the direct complaint against Robertshaw with the clerk of the district court. This constitutes the commencement of a federal action a week prior to the expiration of the statute of limitations. Rule 3 of the Federal Rules of Civil Procedure.

Second, the filing date of the motion— April 1, 1996—is controlling for purposes of the statute of limitations. In *Northwestern National Insurance Co. of Milwaukee, Wisconsin v. Alberts,* 769 F.Supp. 498 (S.D.N.Y. 1991) the court held that "the date of the filing of the motion to amend [to add a new defendant] constitutes the date the action was commenced for statute of limitations purposes." *Id.* at 510. Similarly, in *Derdiarian v. Futterman Corp.,* 36 F.R.D. 192 (S.D.N.Y.1964), the court held that plaintiff's filing of its motion to amend the complaint prior to the expiration of the statute of limitations "was commencement of the action ... under Rule 3, Fed.R.Civ.P. ...;" even though the court granted the plaintiff's motion to amend subsequent to the expiration of the statute of limitations. Likewise, in *International Tools (1973), Ltd. v. Arctic Enterprises, Inc.,* 75 F.R.D. 70 (E.D.Mich.1977), the court treated third party plaintiffs' claims commenced as of the dates they "filed their motions to amend their pleadings, [the third-party defendants] having been served with notice of the motions and having been afforded an opportunity to respond orally and in writing to the motions...." *Id.* at 74.

■ Lastly, pursuant to Rule 15(c) an otherwise time barred claim may be timely based on the "relation back" doctrine. This rule was amended in 1991 to provide that the doctrine is applicable where:

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action....

The fire occurred in Hauppauge, Suffolk County, New York, where Tiffen, plaintiff's insured, maintained its business. It is undisputed that the New York statute of limitations (CPLR § 214(4)) is applicable to this occurrence. Accordingly, the court must look to the laws of the state of New York with respect to the applicability of the "relation back" doctrine.[4]

■ The New York Court of Appeals permits, in the court's discretion, a direct claim by plaintiff against the third-party defendant to relate back to the date of commencement of the third-party action for purposes of computing the Statute of Limitations period where the third-party action is commenced prior to the expiration of the applicable statute of limitations and the direct claim by plaintiff is based on the same transaction or occurrence as the third-party action. *Duffy v. Horton Memorial Hospital, et al.,* 66 N.Y.2d 473, 497 N.Y.S.2d 890, 488 N.E.2d 820 (1985); *see also Hemmings v. St. Mark Housing Association, L.P.,* N.Y.L.J. May 31, 1996 p. 28 cols. 3–4 (Supreme Court Kings Co.). Pursuant to the relation back doctrine, applicable here pursuant to Rule 15(c)(1) Fed.R.Civ.P., the filing of the direct action related back to the timely filing of the fifth-party complaint on March 7, 1996.

b) *No Prejudice to Robertshaw*

■ Robertshaw has failed to demonstrate any prejudice that it will suffer by permitting the direct action by plaintiff to proceed. By order dated February 29, 1996,

---

**4.** The fifth party action—commenced on March 7, 1996—seeks indemnification and/or contribution from Robertshaw if any judgment is recovered by Northbrook based on the third-party plaintiff's negligence, recklessness, carelessness, negligent acts of omissions, breach of express and/or implied warranties, strict liability and/or breach of contract arising from Robertshaw's design, manufacture and assembly of the control switch.

In the direct action, Northbrook seeks judgment against Robertshaw in the event that it is determined that damages were caused by Robertshaw, either individually, or jointly and severally with the fifth-party plaintiffs.

the court granted permission for a fifth-party complaint to be filed against Robertshaw. Robertshaw was brought into the action on March 7, 1996. Northbrook filed its direct complaint on March 26, 1996—19 days later. The allegations asserted by Northbrook against Robertshaw arise from the same transaction or occurrence as the allegations contained in the fifth-party complaint. Fed. R.Civ.P. 14(a). At the scheduling conference held before the undersigned on April 29, 1996 the court conferred with all the parties with respect to future discovery in this action. Robertshaw was provided time to "catch up" on the discovery already conducted by the other parties, and provided additional time to conduct its own discovery. Any discovery which is appropriate as a result of Northbrook's direct action may be conducted simultaneously with the discovery related to the fifth-party action. Robertshaw's claim of undue delay and repetitive discovery as the result of the direct action has not been established.

*Conclusion*

(1) Filing the summons and complaint with the Clerk of the District Court by Northbrook against Robertshaw on March 26, 1996, was proper under Fed.R.Civ.P. 14(a), and Northbrook was not required to seek leave of court to do so, nor was it required pursuant to Rule 14(a) to proceed against Robertshaw by an amendment to its underlying complaint.

(2) The filing of the summons and complaint on March 26, 1996 was a timely commencement of the direct action against Robertshaw.

(3) The filing of the motion for leave to file its complaint by Northbrook on April 1, 1996 was timely under the applicable three-year statute of limitations.

(4) The New York relation back doctrine is applicable pursuant to Rule 15(c)(1) of the Federal Rules of Civil Procedure.

(5) Since Robertshaw has previously been made a party to this action, Northbrook may serve the summons and complaint pursuant to Rule 5, Fed.R.Civ.P.

SO ORDERED.