Carolyn **HARRISON**, on behalf of herself and all others similarly situated, Plaintiff,

v.

**NBD INC.** and International Correspondence Schools, Inc., Defendants.

No. CV 96-4797 (ADS).

United States District Court, E.D. New York.

Jan. 10, 1998.

Adam J. Fishbein, Uniondale, NY, co-counsel for Plaintiff.

Edelman & Combs by Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Chicago, IL, co-counsel for Plaintiff.

Duane, Morris & Heckscher, LLP by Anthony J. Costantini, New York, NY, for Defendants.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This action was commenced by the plaintiff, Carolyn Harrison (the "plaintiff"), on behalf of a putative class, seeking statutory damages pursuant to the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, from the defendants NBD Inc. ("NBD") and International Correspondence Schools, Inc. ("ICS") (collectively, the "defendants"), for the mailing by NBD to the plaintiff of a letter which the plaintiff alleges contains language contrary to the statute's requirements.

Presently before the Court is: (1) a motion pursuant to Fed.R.Civ.P. 12(b)(6), by the defendants for partial dismissal of the Second Amended Complaint as to the defendant ICS, for failure to state a claim upon which relief can be granted; and (2) a motion pursuant to Fed.R.Civ.P. 15(a), by the plaintiff for leave to file and serve a third amended complaint, if necessary.

# I. BACKGROUND

## A. *Factual background*

According to the Second Amended Complaint, the plaintiff is a resident of Roosevelt, New York. NBD is a Delaware corporation with a principal place of business in Scranton, Pennsylvania. The principal purpose of NBD is the collection of debts due to others. NBD uses the mails in conducting this business. Another firm called National Education Corp. ("NEC"), is a corporation with a principal place of business in Irvine, California. The principal purpose of NEC is the operation of correspondence schools and providing other educational services. NEC owns 100% of ICS Learning Systems, which in turn owns 100% of NBD and ICS.

The plaintiff alleges that ICS and NBD share officers and personnel. Two employees of ICS and NBD, Joan Kozak and Robert Smith, allegedly authorized, approved or were aware of the form letter used by NBD to collect ICS' debt. ICS determines which accounts will be sent for collection by NBD. NBD obtains relevant information regarding the debtors' accounts by accessing a specially coded computer program run by ICS. The collection letters sent by NBD are allegedly printed and mailed at ICS facilities.

The plaintiff received a letter from NBD dated May 21, 1996 (the "letter"), the purpose of which was to collect an alleged debt of $247.86 that the plaintiff incurred with ICS. The plaintiff contracted with ICS for a home study course. The plaintiff alleges that the demand purports to come from NBD, an independent third-party collection agency, by stating, "[y]our account with ICS is severely delinquent and has been referred to us for collection." Second Amended Complaint ¶ 31. The plaintiff alleges that ICS is a "debt collector" subject to the FDCPA because it is uses NBD's name to collect a debt, conveying "the impression that a third-party collection agency is involved." Second Amended Complaint ¶¶ 30, 38(b). The plaintiff maintains that this alleged act is in violation of 15 U.S.C. § 1692e(10).

The plaintiff further alleges that the amount of the debt is overstated in the letter. The plaintiff's total tuition fee for the course at ICS was $2,008.00. The plaintiff paid a down payment of $29.00, leaving a balance of $1,979.00. The plaintiff completed 11.7% of the course. Multiplying the percent completed by the total tuition, the plaintiff calculates her liability at $253.68. However, the letter also lists $1,979.00 as the "balance due". The plaintiff acknowledges that if she "now elected to continue with the course, she would owe the $1,979.00 figure upon completion." Second Amended Complaint ¶ 33. The plaintiff alleges that the amount of the debt is overstated and misleading, in violation of 15 U.S.C. §§ 1692e(2) and (10), because the letter deceptively states that the "balance due" is $1,979.00.

Finally, the plaintiff alleges that she is acting on behalf of a class of similarly situated consumers whose rights have been violated.

## B. *Procedural history*

The original complaint, which named only NBD and NEC as defendants, was filed with the Court on September 30, 1996. With the consent of NBD, NEC and ICS and the approval of this Court, the plaintiff filed an amended complaint on April 16, 1997. The only substantive difference between the original and amended complaint was the addition of ICS as a defendant. By a Memorandum Decision and Order dated June 30, 1997 (the "Order"), the Court granted the defendants' motion to dismiss the amended complaint as to NEC and ICS but denied the motion as to NBD. However, the Court granted the plaintiff leave to file a second amended complaint, stating that "[t]he only viable amendment that the Court foresees the plaintiff capable of making as to NEC and ICS, is the inclusion of allegations asserting that NEC and ICS controlled almost all aspects of NBD's debt collection or that these three corporate entities were, in fact, one single economic entity." *See* Order at 34.

The plaintiff filed the Second Amended Complaint on July 28, 1997, dropping NEC as a defendant, thereby naming NBD and ICS as the only defendants.

## II. DISCUSSION

### A. *The defendants' motion to dismiss*

#### 1. *Standard of review*

On a motion to dismiss for failure to state a claim, "the court should not dismiss the complaint pursuant to Rule 12(b)(6) unless it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Goldman v. Belden,* 754 F.2d 1059, 1065 (2d Cir. 1985) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1052–53 (2d Cir.1993), *cert. denied,* 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994). The Second Circuit stated that in deciding a Rule 12(b)(6) motion, a court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transport Local 504,* 992 F.2d 12, 15 (2d Cir.1993); *see also International Audiotext Network, Inc. v. AT & T,* 62 F.3d 69, 72 (2d Cir.1995); *Paulemon v. Tobin,* 30 F.3d 307, 308–09 (2d Cir.1994); *Rent Stabilization Ass'n of the City of New York v. Dinkins,* 5 F.3d 591, 593–94 (2d Cir.1993) (citing *Samuels,* 992 F.2d at 15).

It is not the Court's function to weigh the evidence that might be presented at a trial; the Court must merely determine whether the complaint itself is legally sufficient, *see Goldman,* 754 F.2d at 1067, and in doing so, it is well settled that the Court must accept the allegations of the complaint as true, *see Leeds v. Meltz,* 85 F.3d 51 (2d Cir.1996); *LaBounty v. Adler,* 933 F.2d 121, 123 (2d Cir.1991); *Procter & Gamble Co. v. Big Apple Indus. Bldgs., Inc.,* 879 F.2d 10, 14 (2d Cir.1989), *cert. denied,* 493 U.S. 1022, 110 S.Ct. 723, 107 L.Ed.2d 743 (1990), and construe all reasonable inferences in favor of the plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Leeds,* 85 F.3d at 51; *Bankers Trust Co. v. Rhoades,* 859 F.2d 1096, 1099 (2d Cir.1988), *cert. denied,* 490 U.S. 1007, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989).

The Court is mindful that under the modern rules of pleading, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and that "[a]ll pleadings shall be so construed as to do substantial justice," Fed.R.Civ.P. 8(f).

The issue before the Court on a Rule 12(b)(6) motion "is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claim." *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995), *cert. denied,* —— U.S. ——, 117 S.Ct. 50, 136 L.Ed.2d 14 (1996) (citing *Scheuer,* 416 U.S. at 235–36). Recovery may appear remote and unlikely on the face of the pleading, but that is not the test for dismissal under Rule 12(b)(6). *Gant v. Wallingford Bd. of Educ.,* 69 F.3d 669, 673 (2d Cir.1995) (citing *Scheuer,* 416 U.S. at 236).

■ Initially, the Court notes that the plaintiff submits documents obtained through discovery in opposition to the defendants' motion to dismiss. Since these documents were not incorporated by reference and the subject matter is not such that the Court is able to take judicial notice, the Court will not consider such submissions in rendering a decision on the defendants' motion.

It is within this framework that the Court addresses the present motion to dismiss.

#### 2. *The motion*

Initially, the Court notes that the Second Amended Complaint states that the "[p]laintiff incorporates all of the allegations of her Amended Complaint into the Second Amended Complaint for purposes of preservation of any dismissed issues or parties for appeal." Second Amended Complaint at 1 n. 1. The defendants maintain that they "should not have to speculate as to which allegation can or should be ignored." Defendants' Motion for Partial Dismissal of the Second Amended Complaint at 3 n. 1. The Court agrees. The Court does not comprehend the effect of incorporating all allegations of a complaint that has been dismissed and superceded by an amended complaint. It is unclear whether the defendants are required to respond to allegations that are incorporated by reference into the Second Amended Complaint.

The plaintiff has not chosen to amend her claim as against NEC. However, since some allegations regarding NEC are included in the Second Amended Complaint, the Court will assume that the plaintiff has included all allegations that she deems necessary to state her claims.

The defendants' motion for partial dismissal of the plaintiff's second amended complaint, namely, dismissal as against the defendant ICS, is based on the same grounds as their previous motion to dismiss. In sum, the defendants maintain that the plaintiff has once again failed to allege that ICS is a debt collector or a creditor which, "in the process of collecting [its] own debts, uses the name other than [its] own which would indicate that a third party is collecting or attempting to collect such debts." *See* 15 U.S.C. § 1692a(6).

■ The defendants critique the Court's previous Order, suggesting that the Court should modify its Order to hold that ICS may be deemed a debt collector under the FDCPA *only* if it uses an alias or assumed name to collect its own debts. The defendants maintain that the FDCPA does not extend liability to NBD and ICS even if they constitute a single economic entity or even if ICS controlled almost every aspect of NBD's debt collection. To the extent that the defendants' motion can be deemed a motion for reconsideration of that portion of the Order, the Court has reviewed the defendants' contentions and adheres to its original decision that ICS may be deemed to be a debt collector if: (1) ICS uses an alias or an assumed name to collect its own debt; (2) ICS and NBD are a single economic entity; or (3) ICS controls almost every aspect of NBD's debt collection practice.

■ The plaintiff has made the following allegations in the Second Amended Complaint, in support of her claim that ICS is a debt collector:

11. NEC owns 100% of ICS Learning Systems, which in turn owns 100% of NBD and ICS.

12. ICS and NBD share officers and personnel.

13. Two employees of both ICS and NBD, Joan Kozak and Robert Smith, authorized, approved, or were aware of the form letter attached as *Exhibit A*.

14. Joan Kozak is the Manager for ICS.

15. Joan Kozak is also the Manager of Collections for NBD.

16. Robert Smith is the Executive Vice President and Chief Financial Officer of ICS.

17. Robert Smith is also the Vice President and Treasurer of NBD.

18. ICS determines which accounts will be sent for collection by NBD.

19. NBD obtains relevant information regarding debtors' accounts by accessing a specially coded computer program run by ICS.

20. The collection letters sent by NBD are printed and mailed at ICS facilities.

21. ICS knew that NBD used the form of document represented as *Exhibit A*.

22. NBD deceives unsophisticated consumers by holding itself out as if it were an independent, third-party collection agency, which is not the case.

23. ICS caused and approved such deception.

■ Even when the Court views these statements in the light most favorable to the non-moving party, as it must when presented with a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court finds that these allegations are insufficient to allege that ICS is a debt collector. First, the above allegations are inadequate to plead that NBD and ICS are a single economic entity. Although the parties have not specified which state's law would apply, nevertheless, the Court agrees with the defendant that the plaintiff has, at most, alleged that NBD and ICS share some officers and personnel, and that there is some administrative overlap in operation. Indeed, the plaintiff does not identify the state of incorporation of ICS in the Second Amended Complaint. Regardless, the plaintiff does not allege that NBD and ICS have ignored significant corporate formalities so that their conduct "demonstrates a virtual abandonment of separateness." *See Thomson–CSF, S.A. v. American Arbitration As-*

*sociation,* 64 F.3d 773, 777–78 (2d Cir.1995) (citing cases). To pierce the corporate veil under New York law, the plaintiff must demonstrate the complete domination over the corporation with respect to the transaction at issue and that such domination was used to commit the wrong that injured the plaintiff. *Thrift Drug, Inc. v. Universal Prescription Administrators,* 131 F.3d 95, 97–98 (2d Cir. 1997). Likewise under Delaware law, the plaintiff must show that the controlling corporation wholly ignored separate status of controlled corporation and so dominated and controlled its affairs that separate existence was a sham. *Culbreth v. Amosa Ltd.,* 898 F.2d 13, 14 (3d Cir.1990). The plaintiff's allegations do not rise to the level of complete domination by ICS of NBD. Therefore, the Court concludes that the plaintiff has failed to allege that ICS and NBD are a single economic entity, as a matter of law.

Second, the plaintiff's allegations are deficient with regard to alleging that ICS controlled almost all aspects of NBD's debt collection practice. The allegation that ICS determines which accounts will be sent for collection by NBD, if true, does not establish that ICS controlled NBD's business. The same allegation could be made as to any creditor and debt collector. Neither does the allegation of shared facilities implicate ICS' involvement in NBD's business. In addition, the Court has previously stated that "[t]he alleged 'approval' by ICS of NBD's collection practices is insufficient as a matter of law, to convert ICS' status as creditor to that of 'debt collector.' ..." Order at 15. In sum, the Court finds that the plaintiff's allegations, taken in the totality, simply do not allege that ICS controlled almost all aspects of NBD's debt collection practice.

Finally, the defendant maintains that NBD's collection letter was not false, misleading or deceptive since disclosure of a corporate affiliation is not required. The defendant misconstrues the thrust of the plaintiff's claims. Liability will not be found merely because ICS utilized a corporate affiliate to collect its debts without disclosing the affiliation. As recognized previously by the Court, "[c]learly, a creditor which retains a non-affiliated debt collector would not be subject to the FDCPA.... This Court declines to broaden the tenets of the FDCPA to convert a creditor which retains a separate and distinct entity to collect it[s] debts, albeit a corporate affiliate, into a 'debt collector', regardless of whether the affiliation is disclosed." Order at 15–16. The plaintiff is attempting to predicate liability against ICS on the grounds that ICS and NBD constitute a single economic entity, or that ICS controls almost every aspect of NBD's debt collection practice and therefore, that the letter is false, misleading or deceptive in that NBD is portrayed as an independent third-party collection agency. Therefore, the Court finds this contention unavailing.

In conclusion, the Court finds that the plaintiff has failed to state a claim that either ICS and NBD were a single economic entity or that ICS controlled almost all aspects of NBD's debt collection business. Therefore, the Court grants the defendants' motion pursuant to Fed.R.Civ.P. 12(b)(6), for dismissal of the Second Amended Complaint as against the defendant ICS.

### B. *The plaintiff's motion to amend*

#### 1. *Standard of review*

The Federal Rules of Civil Procedure provide that "leave [to amend a pleading] shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); *see also Gumer v. Shearson, Hammill & Co.,* 516 F.2d 283, 287 (2d Cir.1974). According to the Supreme Court, only "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [or] futility of the amendment" will serve to prevent an amendment prior to trial. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *accord Richardson Greenshields Sec., Inc. v. Mui–Hin Lau,* 825 F.2d 647, 653 n. 6 (2d Cir.1987).

■ Recently, the Second Circuit reiterated that "[t]he district court has discretion whether or not to grant leave to amend, and its discretion is not subject to review on appeal except for abuse of discretion." *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131

(2d Cir.1993) (quoting 3 *Moore's Federal Practice* ¶ 15.08[4], at· 15–16 (2d ed.1992) (footnotes omitted)); *see also Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2d Cir.1990). "In exercising its discretion, the district court is required to heed the command of Rule 15(a) to grant leave to amend 'freely ... when justice so requires.'" *Ruffolo,* 987 F.2d at 131 (quoting Fed.R.Civ.P. 15(a)).

■ The party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial or futile. *See Panzella v. Skou,* 471 F.Supp. 303, 305 (S.D.N.Y.1979).

It is within this framework that the Court addresses the present motion to amend the complaint.

### 2. *The motion*

Initially, the Court notes that the plaintiff, in support of her motion for leave to ·file a third amended complaint, has submitted additional evidence composed of documents disclosed through discovery. The defendant provides a different interpretation of the very same documents. The Court declines to examine the evidence at this stage of the litigation or to rely on such to render a decision on this motion to amend.

■ Applying the above legal standard, the Court cannot say that the plaintiff could not, under any circumstance, articulate a legally cognizable claim against ICS. The defendants contend that they will be prejudiced if the plaintiff is permitted to serve and file a third amended complaint. They maintain that they "have been saddled with the substantial burden of analyzing and challenging anew each pleading submitted. Plaintiff has piggy-backed on defendants' expensive efforts." Defendants' Memorandum in Opposition to Plaintiff's Motion for Leave to Amend Complaint at 5. However, the defendants do not cite to, nor is the Court aware of, any case law where leave to amend was denied solely due to the burden of the costs of litigation. Hence, the Court rejects the defendants' assertion that such a burden is a reason to deny the plaintiff's motion to amend the complaint.

The Court also notes that the plaintiff has submitted a proposed third amended complaint. The Court declines to issue an advisory opinion as to whether *if* the plaintiff filed the proposed third amended complaint, it would be able to withstand a motion to dismiss by the defendant ICS. In the Court's opinion, the submission of such is premature since the parties had yet to be heard on the defendants' motion to dismiss. Accordingly, leave to replead the plaintiff's claim against ICS is granted. The plaintiff is afforded one final opportunity to· plead a valid· cause of action against ICS consistent with this decision and the Court's previous Order. In this regard, the plaintiff should carefully review this decision and the Court's previous Order. In addition, effort and some legal research into the issue which the plaintiff's claim is based may prove fruitful. Further, to avoid confusion, the plaintiff shall not repeat the same error of incorporating by reference a dismissed complaint into the amended complaint. The plaintiff shall include all allegations necessary to state her claims in the third amended complaint.

Finally, the plaintiff is cautioned about perfunctory substantive or cosmetic changes. The Court notes with approval Judge Leisure's thoughtful comments in *Spier v. Erber,* 1990 WL 71502, Fed.Sec.L.Rep. (CCH), ¶ 95,287 (S.D.N.Y.1990):

> [I]t has become an all too common practice for litigants granted leave to replead to make only minor changes in the original complaint based on an overly restrictive reading of the dismissing court's order, prompting a second motion to dismiss. An amended complaint which fails to replead with sufficient particularity after a finding of lack of specificity may well be regarded by the Court as a frivolous filing in violation of Fed.R.Civ.P. 11. Conversely, a renewed Rule 9(b) motion after an adequate and thorough repleading can also be viewed as frivolous.

In the event the plaintiff files a third amended complaint that is insufficiently pled or not in accord with this Memorandum of Decision and Order, the Court may take such appropriate action.

### III.   CONCLUSION

After receiving the submissions of all parties and hearing oral argument, and for the reasons set forth above, it is hereby

**ORDERED,** that the defendants' motion pursuant to Fed.R.Civ.P. 12(b)(6), for partial dismissal of the Second Amended Complaint as to the defendant, International Correspondence Schools, Inc., is granted without prejudice; and it is further

**ORDERED,** that the plaintiff's motion pursuant to Fed.R.Civ.P. 15, for leave to serve and file a third amended complaint, is granted.  The plaintiff is granted one final opportunity to replead its claim against International Correspondence Schools, Inc. The plaintiff shall have twenty (20) days from the date of this Memorandum of Decision and Order to serve and file a third amended complaint.

**SO ORDERED.**