Michael S. **BLASKIEWICZ**, Plaintiff,

v.

**COUNTY OF SUFFOLK**, Defendant.

No. CV 96–5425(DRH).

United States District Court,
E.D. New York.

Dec. 7, 1998.

Jocelyne S. Kristal, McCabe, Collins, McGeough & Fowler, LLP, Mineola, NY, Michael S. Blaskiewicz, Mid–State Correctional Facility, Marcy, NY, for Michael S. Blaskiewicz, plaintiff.

Garrett W. Swenson, Jr., Asst., County Atty., Robert J. Cimino, Suffolk County Attorney, Hauppauge, NY, for County of Suffolk, defendant.

## ORDER

BOYLE, United States Magistrate Judge.

Plaintiff, Michael S. Blaskiewicz ("plaintiff"), in this civil rights action commenced by the plaintiff *pro se* in November 1996, moves to amend the *pro se* complaint to add four named individual defendants and four unnamed John Does. Plaintiff now appears with appointed counsel in this action. The individual defendants are Suffolk County Corrections Officers who are alleged to be acting individually and in their official capacity at relevant times in the amended complaint.

The original complaint, filed on November 5, 1996, named as defendants the "County of Suffolk, agents, employees and servants."

The plaintiff requested compensatory damages in the sum of $1,000,000 and punitive damages in the same amount. The original complaint alleged claims for "assault, battery, negligence, [and] violations of civil rights" arising from an incident that occurred at the Suffolk County Minimum Security Facility at Yaphank, New York, on January 14, 1994, wherein County officers employed at the facility are alleged to have used excessive force against the plaintiff. This incident was part of what is described as "an institutional shakedown" that occurs periodically at the correction facility, without prior notice, wherein all inmates are stripped of their clothing and a search for contraband of each inmate and his or her cell is conducted.

A notice of claim was timely filed by the plaintiff, pursuant to New York General Municipal Law § 50–e, in which he advised the County that "several corrections officers, including a number of sergeants, lieutenants and a captain, without justification or excuse subjected claimant to a severe beating." *Affirmation by Jocelyne S. Kristal, Esq., in Support of Motion to Amend.* Prior to the initiation of this litigation, and at a time when the plaintiff was represented by retained counsel, plaintiff submitted to a deposition conducted by the County Attorney of Suffolk County, pursuant to New York General Municipal Law Section 50–h. The deposition, consisting of more than 100 pages of transcript, is annexed to plaintiff's moving papers at Exhibit A, and contains a detailed account by the plaintiff of the incident giving rise to this litigation.

By letter dated January 2, 1997, addressed to the Sheriff of Suffolk County, the then *pro se* plaintiff made a request, pursuant to the Freedom of Information Act (5 U.S.C. § 552 *et seq.*), for "information pertaining to disciplinary infractions, reports, hearings conducted and depositions" relating to the incident in which he was a party occurring on January 14, 1994. *Motion to Amend Complaint* at Exhibit C. No information by the Sheriff's Office was produced nor did the Sheriff respond to this request. This request was repeated by notice dated February 14, 1997, wherein plaintiff requested "the

names of officers involved with Yaphank Corr. Fac. Shakedown on January 14, 1994 by their ranking, duty and involvement ... related to ... Blaskiewicz v. County of Suffolk, CV 96–5425." *Motion to Amend Complaint* at Exhibit D. On February 28, 1997, after the applicable three-year statute of limitations had run on the January 14, 1994 incident, the Sheriff's Office responded that the information "relating to the names, rank, duty and involvement of officers relative to a January 14, 1994 incident cannot be located after a diligent search." *Motion to Amend Complaint* at Exhibit E.

Counsel was appointed to represent plaintiff and appeared in this action on August 25, 1997. The County defendants, on October 6, 1997, provided plaintiff's counsel with the internal affairs unit investigation report prepared by the Suffolk County Sheriff relating to the January 14, 1994 incident involving plaintiff that is the subject of this litigation.

Plaintiff seeks to add these additional parties to the action on the relation-back theory, codified at Rule 15(c) of the Federal Rules of Civil Procedure on the ground that the amendment arises "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2). At the municipal hearing, conducted pursuant to Section 50–h of the General Municipal Law, on August 10, 1994, prior to the commencement of the lawsuit, the plaintiff identified three of the individual defendants he seeks to add—the defendants Roy Fries, Michael Egan and Warden Wesley Bednosky. The fourth identified person that plaintiff seeks to add as a party is Lieutenant Pamela O'Malley, who was identified in the internal affairs investigation report as the supervisor of the four-person squad whose members, according to plaintiff, used excessive force in removing him from the tier to a holding pen on the date in question.

Plaintiff asserts that it is the policy of the Suffolk County Department of Corrections that officer's shields contain a number and no name. Defendants do not dispute this. This is cited as one of the reasons for plaintiff's difficulty in specifying the individual correction employees involved in this incident.

Plaintiff maintains that identification here is further complicated by the fact that the squad members were dressed in riot gear, including helmets, at the time of the January 14, 1994 incident. Thus, to this date he is unable to recognize or identify four of the individuals he seeks to add to this litigation. *Plaintiff's Memorandum of Law in Support of Motion to Amend Complaint* at ¶ 8.

The County opposes the amendment on the ground that the statute of limitations has run, and the plaintiff has failed to take timely steps to amend the complaint.

## DISCUSSION

### A. The Applicable Standard for a Motion to Amend

 Rule 15(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that "a party may amend [its] pleading ... by leave of court" and that "leave shall be freely given when justice so requires." Fed. R.Civ.P. 15(a). This rule also allows for the addition of new parties. *Junior Gallery, Ltd. v. Neptune Orient Line, Ltd.*, No. 94 Civ. 4518, 1997 WL 26293, at *2, (S.D.N.Y. Jan.22, 1997) (citing *Staggers v. Otto Gerdau Co.*, 359 F.2d 292 (2d Cir.1966) (citations omitted)). Generally, amendments are favored, as they tend "to facilitate a proper decision on the merits." *Junior Gallery,* 1997 WL 26293, at * 2 (quoting *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In addition, the Second Circuit has stated that "[t]he district court has discretion whether or not to grant leave to amend, and its discretion is not subject to review on appeal except for abuse of discretion." *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993) (quoting 3 James W. Moore et al., Moore's Federal Practice ¶ 15.08[4] (2d ed.1992) (footnotes omitted)). A *pro se* plaintiff in a civil rights action should be afforded the opportunity to amend his complaint, even where the request is made after the court has entered judgment dismissing the complaint. *Bradley v. Coughlin,* 671 F.2d 686, 690 (2d Cir.1982).

 The party opposing such amendment has the burden of establishing that leave to amend would be prejudicial or futile.

*Harrison v. NBD Inc.*, 990 F.Supp. 179, 185, 1998 WL 10723 (E.D.N.Y.1998) (citing *Panzella v. Skou*, 471 F.Supp. 303, 305 (S.D.N.Y. 1979)). In making this determination, the court should not consider the merits of a claim or defense on a motion to amend unless the amendment is "clearly frivolous or legally insufficient on its face." *Northbrook Nat'l Ins. Co. v. J & R Vending Corp.*, 167 F.R.D. 643, 647 (E.D.N.Y.1996) (citing *Lerman v. Chuckleberry Pub., Inc.*, 544 F.Supp. 966, 968 (S.D.N.Y.1982), *rev'd on other grounds sub. nom.*, 745 F.2d 123 (2d Cir.1984), *cert. denied*, 471 U.S. 1054, 105 S.Ct. 2114, 85 L.Ed.2d 479 (1985)). "If the [movant] has at least colorable grounds for relief, justice . . . require[s]" that the court grant leave to amend a complaint. *Golden Trade, S.r.L. v. Jordache*, 143 F.R.D. 504, 506 (S.D.N.Y.1992) (quoting *S.S. Silberblatt v. East Harlem Pilot Block–Building 1 Hous. Dev. Fund Co., Inc.*, 608 F.2d 28, 42 (2d Cir.1979)).

## B. *Statute of Limitations is Not a Bar to Amendment*

■ A motion to amend the complaint may be considered futile if the claims or parties sought to be added are barred by the relevant statute of limitations. *Northbrook*, 167 F.R.D. at 647–48 (citing *Deluca v. Atlantic Refining Co.*, 176 F.2d 421 (2d Cir.1949), *cert. denied*, 338 U.S. 943, 70 S.Ct. 423, 94 L.Ed. 581 (1950); *Long v. United States*, 616 F.Supp. 1280 (E.D.N.Y.1985)). However, under Rule 15(c) of the Federal Rules of Civil Procedure, an otherwise time-barred amendment may be deemed timely based on the "relation back" doctrine. Fed.R.Civ.P. 15(c)(2) and (3). Rule 15(c)(2) provides, in pertinent part, that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2).

### 1. *Same Conduct, Transaction or Occurrence*

■ No new facts are alleged in the proposed amendment. The plaintiff seeks solely to name additional party defendants in the complaint. There is no dispute that the additional parties are part of the same conduct, transaction and occurrence set forth in the original complaint. Accordingly, plaintiff has satisfied this prerequisite for application of the relation-back theory. Fed.R.Civ.P. 15(c)(2).

### 2. *Adequate Prior Notice and Absence of Prejudice Under Rule 15(c)(3)(A) of the Federal Rules of Civil Procedure*

■ For an amendment to relate back to the original pleading, the moving party must also satisfy the requirements of Rule 15(c)(3)(A) which states:

(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when

\*　　\*　　\*　　\*　　\*　　\*

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) [arises from the "conduct, transaction or occurrence" set forth in the original pleading] is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment

(A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits. . . .

■ It is not essential that a potential party receive formal notice of the claim within 120 days for purposes of Rule 15(c)(3)(A). It is sufficient that such notice occur through "informal means." *Kinnally v. Bell of Pennsylvania*, 748 F.Supp. 1136, 1141 (E.D.Pa. 1990). Here the notice requirement was satisfied at the 50–h hearing wherein plaintiff identified three of the four named individual defendants, and the notice of claim and hearing led the Internal Affairs Unit of the Sheriff to identify the fourth named person—the supervisor, Lt. O'Malley. Defendant, Suffolk County, had notice of this incident prior to commencement of the litigation, had deposed the plaintiff as to the details of his claim pursuant to New York General Municipal Law § 50–h, and thereafter conducted an

internal affairs investigation as to the personnel involved in the claim. The original complaint additionally named the County and "agents, employees and servants" and thus also put the County of Suffolk on further notice that individual defendants were involved and would be named. This constitutes adequate notice under Rule 15(c)(3)(A).

■■■ Notice is adequate here for another reason. The proposed individual defendants are employees of the County of Suffolk at the Suffolk County Department of Corrections. These individual defendants were constructively notified of this action through the County Attorney of Suffolk County. Under the doctrine of constructive notice "the court can impute knowledge of a lawsuit to a new defendant government official through his attorney, when the attorney also represented the officials originally sued, so long as there is some showing that the attorney knew that the additional defendants would be added to the existing suit." *Scott v. Coughlin,* 944 F.Supp. 266, 270 (S.D.N.Y.1996) (quoting *Velez v. Koehler,* 87 Civ. 2019 (KMW), 1991 WL 130918, at *2 (S.D.N.Y. July 18, 1991)), *vacated on other grounds,* 138 F.3d 474 (2d Cir. 1998). In deciding whether the government attorney possessed the requisite knowledge, the question is whether the attorney "knew or should have known that the defendants ... would be named." *Gleason v. McBride,* 869 F.2d 688, 693 (2d Cir.1989). The notice of claim, the 50–h hearing and the original complaint filed herein, placed the County Attorney of Suffolk County on notice that the individual defendants would be named. Moreover, the report by Lt. O'Malley, dated July 7, 1994, specifically identifies a squad of four correction officers involved in this incident. Thus, the County Attorney either knew or should have known which specific correction officers would be added here as individual party defendants. *Green v. New York City Department of Correction,* No. 93 Civ. 3360, 1997 WL 96548, at *3 (S.D.N.Y. March 5, 1997).

For the foregoing reasons, the court finds, as to the four named individuals and the four John Doe defendants, that the requirements under Rule 15(c)(3)(A) have been satisfied. The defendants were afforded adequate notice and will not be prejudiced in maintaining a defense on the merits.

3. *Mistake of Law Within the Meaning of Rule 15(c)(3)(B) of the Federal Rules of Civil Procedure*

■■ The final condition for relation back requires that the party to be brought in (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

■■ Rule 15(c)(3)(B) was "intended to preserve legitimate suits despite ... mistakes of law at the pleading stage." *Soto v. Brooklyn Correctional Facility,* 80 F.3d 34, 36 (2d Cir.1996). A party may not, however, knowingly omit known defendants and then seek to add them after the statute of limitations has expired. *See Barrow v. Wethersfield Police Department,* 66 F.3d 466, 469 (2d Cir.1995), *modified,* 74 F.3d 1366 (1996) (citing *Cornwell v. Robinson,* 23 F.3d 694, 705 (2d Cir.1994) (no mistake of law where complaint identified individuals involved but did not seek to add as individual defendants until after the statute of limitations had expired)).

In seeking leave to file his amended complaint, the plaintiff relies on *Soto v. Brooklyn Correctional Facility,* 80 F.3d at 36. The court there had dismissed a *pro se* complaint filed under 42 U.S.C. § 1983 against the Brooklyn Correctional Facility because it failed to allege a policy or custom—an essential predicate for municipal liability. The complaint alleged that the plaintiff was severely beaten by inmates in his housing unit, leading to his hospitalization. Upon returning from the hospital, the *pro se* plaintiff alleged that he was returned to his old housing unit, left unsupervised and again attacked by inmates and severely burned by them. The complaint failed to name individual correction officers as party defendants.

The three-year statute of limitations had expired on the case and the issue was whether plaintiff could amend the complaint to name the individual corrections officers as party defendants. The Court of Appeals reversed the district court's dismissal of the complaint for failure to allege custom or us-

age, and remanded for further consideration to permit plaintiff to name the individual correction officers on the relation-back theory, Rule 15(c)(3) of the Federal Rules of Civil Procedure, in the absence of a showing of prejudice. The court noted that the failure to name the individual officers was a mistake of law since the complaint did not contain a *Monell* claim of policy or practice against the sole municipal defendant. *Id.* at 35–36. The court stated that "the test for 'relation back' in such cases was whether, under clearly established law, the proper defendants knew that they, and not the named defendants, should have been sued." *Id.* at 36. The court reasoned that since "government officials are charged with knowing the law," *id.* (citations omitted), any correctional facility officers who "were aware of a lawsuit arising out of the attack on Soto 'knew or should have known' that they, not ... (the correctional facility), were subject to liability for the constitutional torts he alleged." *Id.*

The Court of Appeals in *Soto* distinguished *Cornwell v. Robinson*, 23 F.3d 694 (2d Cir. 1994), where the court held that an amended complaint which added individual defendants, after the statute of limitations had expired, did not relate back under Rule 15(c)(3). The original complaint there, alleging causes of action under § 1983 and Title VII, had identified individuals and specific incidents of harassment in the body of the complaint, although the individuals were not named as party defendants. The court held that there was no mistake since the plaintiff knew and had named the individuals in the body of the complaint and the original complaint was sufficient as a matter of law.

The case here falls more on the side of *Soto*. The complaint names as defendants the "County of Suffolk, Agents, Employees and Servants" and seeks "*$1,000,000.00 dollars compensatory and $1,000,000.00 punitive damages.*" *Complaint* at "V. Relief," dated October 25, 1996. Plaintiff asserts that he did not name the individual officers involved in the incident because he "did not know that it was necessary to do so in order to recover punitive damages." *See Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983). *See also Affidavit of Michael S.*

*Blaskiewicz*, sworn to December 17, 1997 at ¶ 3, in support of motion to amend.

The situation here is therefore distinguishable from the situation presented in *Cornwell*. It is obvious from the four corners of the original complaint that the plaintiff was seeking punitive damages which are not recoverable from a municipality. The County of Suffolk knew or should have known that, but for this mistake, individual defendants would have also been named as party defendants in this action. Fed.R.Civ.P. 15(c)(3)(B). The court finds that the three known individuals were not deliberately omitted from the complaint through any design by the *pro se* plaintiff, and further, that the plaintiff was unaware that punitive damages could not be recovered from a municipality and could only be recovered from an individual defendant.

### C. *Equitable Tolling of the Statute of Limitations Based on Concealment*

█ By naming in the caption and body of the complaint the County of Suffolk and its "agents, employees and servants," the *pro se* plaintiff, albeit inartfully, filed a John or Mary Doe pleading. That complaint was timely filed. Thereafter, the plaintiff proceeding on his own, attempted to identify the individuals involved in the incident.

Lt. O'Malley, one of the supervisors involved in the "shakedown," identifies in her statement of July 7, 1994 "four members of [the] response team [who] approached him" (plaintiff) to remove him to a "holding pen." It is this removal that gives rise to the claim of excessive force and O'Malley's statement notes that the plaintiff exhibited and complained of injuries immediately following this event.

Notwithstanding the investigation conducted by the *Internal Affairs Unit* in the Department of Corrections prior to commencement of this action, the County of Suffolk has never turned over information containing the names of the four-person squad involved in plaintiff's removal. The *pro se* plaintiff made a timely request on January 2, 1997 for this information, albeit in the nature of a Freedom of Information Act Request. The County did not respond. The Suffolk County

Department of Corrections did respond to a second request, after the statute of limitations had expired, and advised the plaintiff that "information relating to the names, rank, duty and involvement of officers relative to a January 14, 1994 incident cannot be located after a diligent search." *Letter from F.O.I.L. Officer D. Weber to Michael Blaskiewicz,* dated February 28, 1997, annexed to *Movant's Notice of Motion* at Exhibit "E".

The County of Suffolk should not benefit from its refusal to provide the plaintiff with relevant information in this litigation. The Internal Affairs Unit at the Department of Corrections conducted an investigation triggered by the filing of a notice of claim pursuant to New York General Municipal Law § 50–e. It is incomprehensible that the internal affairs investigators, who secured a statement from the supervising officer of the four-person team who physically removed the plaintiff, would not ascertain the identity of those four persons, since these are the persons who allegedly used excessive force.

Equitable tolling of a statute of limitations arises where a party's conduct by fraudulent acts or concealment prevents a plaintiff from becoming aware of facts that give rise to a cause of action. *See Bennett v. United States Lines, Inc.,* 64 F.3d 62, 65 (2d Cir.1995); *see also Dillman v. Combustion Engineering, Inc.,* 784 F.2d 57, 60 (2d Cir. 1986). The doctrine is applicable where the defendant engages in conduct "that concealed from the plaintiff the existence of the cause of action." *Cerbone v. International Ladies' Garment Workers' Union,* 768 F.2d 45, 48 (2d Cir.1985).

The court finds that there is an equitable tolling of the statute of limitations based on the County's concealment of this information. Accordingly, the amendment, insofar as it requests to name Lt. O'Malley and unidentified John Does, is granted.

### CONCLUSION

For the foregoing reasons, plaintiff's motion to amend his complaint to add four named individual defendants and four John Doe defendants is granted. The County Attorney is ordered to disclose the identity of the four correction officers who were involved in the removal of the plaintiff to the holding pen during the incident that gives rise to this litigation. *Munz v. Parr,* 758 F.2d 1254, 1257 (8th Cir.1985). This information shall be provided within ten (10) days from the date herein. Discovery is extended to December 31, 1998.

SO ORDERED.